GILBERT HARDY v. TITTABAWASSEE BOOM COMPANY.

*Contract of employment— Wages.*

1. The directors of a boom company passed a resolution that the laboring men signing contracts to remain through the season have a bonus of fifteen per cent. at the end of it. *Held*, that this did not restrict the power of the president and superintendent of the company to hire other persons than the class of laborers referred to, on the same terms, especially if the persons hired knew nothing of the resolution.

2. A letter from the superintendent of a boom company to its president, stating the terms upon which he had hired an employee, is admissible in evidence for the latter in a suit by him against the company for his wages, even though it was obtained by the defendant for its own information.

Error to Saginaw. (Gage, J.) Oct. 26.—Oct. 31.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Trask, Grout & Smith* for appellant.

*L. T. Durand* for appellees. One who deals with an agent who acts by special and express authority, written or

verbal, is bound to know at his peril what the agents' power is, and to understand its legal effect; and if the agent exceeds his authority his act is void so far as it concerns his principal: Story on Agency §§ 165–172; *Batty v. Carswell* and *Rossiter v. Rossiter* 1 Am. L. Cas. 544; 1 Wait's A. & D. 226, 227; *Payne v. Potter* 9 Ia. 549; *Eq. Life A. Society v. Poe* 53 Md. 28; *Delafield v. Illinois* 26 Wend. 193; this is especially so of agents of corporations; *Alexander v. Cauldwell* 83 N.Y. 480; *Hartford Bank v. Hart* 3 Day 493; *Mt. Sterling &c. Co. v. Looney* 1 Met. (Ky.) 550; *McCullough v. Moss* 5 Den. 567; a corporation cannot be held to have contracted unless by such agents or officers as have express or implied authority: *Lockwood v. Thunder Bay River Boom Co.* 42 Mich 536; an agent authorized to buy for a stated price cannot bind his principal if he agrees to give more: Story on Agency § 172; *Booth v. Bierce* 38 N. Y. 463; *Bryant v. Moore* 26 Me. 84.

SHERWOOD, J.  The plaintiff sued the defendant in assumpsit, declaring upon the common counts for work and labor performed by himself for the defendant in keeping and running one of its boom-houses on the Tittabawassee river, during the rafting season of 1882, and accompanied his declaration by a bill of the items of his demand.  Plea, general issue, with special notice; no question arises upon the pleadings.

The plaintiff was sworn as a witness in his own behalf, and testified in substance that in the spring of 1882 he went to one Spaulding (who had been accustomed to hire men for the defendant) and applied for labor in defendant's business.  Spaulding told him he had no authority to hire plaintiff, and referred him to the president of the company, R. H. Weideman, and a few days thereafter he called on the president upon the subject, and was informed by him that W. S. Malcom was the superintendent of the boom company and was the man for plaintiff to make his bargain with.  Plaintiff soon thereafter called on Mr. Malcom, and was employed by him to run the defendant's boom-house

for one hundred dollars per month until the close of the season, at which time he was to have fifteen per cent. additional.     The defendant paid the monthly instalment of one hundred dollars but at the close of the season refused to pay the fifteen per cent. and twenty dollars for cleaning the boom before his employment by the month, and for these two items suit was brought.     The plaintiff had judgment for twenty-one dollars and thirty-four cents, and now brings error.

The defendant claims that Malcom had no authority to make the contract he did with the plaintiff for the fifteen per cent. additional, and this is the only question we deem it necessary to consider.

On the 4th of March, 1882, the defendant's board of directors passed a resolution " that the wages for laboring men employed by the boom company for the present season be started at two dollars per month higher than was started at last year, and that the men signing contracts to remain during the entire season have added, at the close of the season, fifteen per cent. to their wages."

It is claimed that this resolution restricts officers of the company from employing the plaintiff on the terms above stated ; that the resolution refers to a certain class of laborers, and plaintiff does not belong to that class, and consequently he could not be employed and receive the fifteen per cent, additional, and that his contract made with the company by its superintendent is not binding on the company ; that Malcom had no authority to make the same. And the circuit judge so held, and directed the jury to exclude the fifteen per cent., amounting, as claimed, to about one hundred and five dollars.

This ruling was erroneous.     There is nothing in the resolution which prevents the employment by the company of any other persons than those intended or alluded to therein, in such numbers and upon such terms as it deems proper. It is in no sense a limitation upon the powers of defendant, by its officers, to make such terms with laborers or persons in their employment, in other cases, as they may think neces-

sary for the interest of the company.   There is no pretense that plaintiff knew of any action of any kind by the defendant's board of directors.

It is conceded that Malcom was permitted to do much of the hiring of the help for defendant, and the president testifies he himself had authority to hire laborers for the defendant, and referred the plaintiff to Malcom as the person with whom to make his bargain.   The company recognized the contract the superintendent made with the plaintiff, and paid him for his services in accordance with its terms, and only refused performance when the fifteen per cent. became due and was demanded.

If the president and superintendent of this company defendant cannot by contract hire the necessary laborers to carry on its business, it is difficult to recognize any persons who could legally perform that service.   We think the record clearly shows Malcom had full authority to make, in behalf of the company, the contract he did in this case with the plaintiff, and justice and good faith alike require defendant should comply with its obligations therein contained.

Malcom's letter[1] to the president of the company, dated December 12, 1882, should have been admitted in evidence. It was obtained, at the instance of the defendant, for the purpose of ascertaining the terms of the contract its superintendent had made with the plaintiff and the extent of liability thereunder.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.

---

[1]EAST SAGINAW, Dec. 12, 1882.
R. H. WEIDEMAN, ESQ.
    DEAR SIR:  I told Gilbert Hardy when I had the talk with him last spring, if he would stay through the whole season of rafting, till the boom closed in the fall, I would allow him the 15 per cent.   I also told him if he would clean up the section house, and do a good job of it, I would see him paid for his work on the house.        W. S. MALCOM.