Frank J. Peck, Respondent, *v.* Dexter Sulphite Pulp and Paper Company, Appellant.

1. Master and Servant — Authority of General Superintendent to Employ Foreman. The general superintendent of a manufacturing company, the by-laws of which provide that he shall perform such duties as the trustees may direct, who has had the general management of affairs left to him without instructions and has hired and discharged employees, is impliedly authorized to make such ordinary contracts as custom and the necessities of the business justify or require, including the employment of a foreman for the term of one year, unless it is shown that such employment is extraordinary or unwarranted by the requirements of the business.

2. Evidence — Proof of Immaterial Circumstances Incompetent. Upon the trial of an action by a mill foreman to recover damages for his alleged wrongful discharge from employment, evidence of the amount of defendant's dividends and profits during his employment and for the various years subsequent thereto and up to the trial, with a view of showing that the profits did not greatly vary during that time, is not competent for the purpose of contradicting defendant's testimony tending to show his incompetency, to the effect that the output of the mill, under conditions otherwise the same, greatly increased after his discharge, since the amount of defendant's profits was not material upon the question of his competency, and the reception of such evidence is reversible error.

*Peck* v. *Dexter S. P. & P. Co.*, 19 App. Div. 628, reversed.

(Argued June 11, 1900; decided October 2, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 22, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Watson M. Rogers* for appellant.    The superintendent had no power to employ for a stated term.    (L. 1848, ch. 40, § 7; *Smith* v. *C. D. Assn.*, 12 Daly, 304; *Camacho* v. *H. B. N. & E. Co.*, 2 App. Div. 369; *Carney* v. *N. Y. L. Ins. Co.*, 19 App. Div. 160; *Trustees, etc.*, v. *Bowman*, 136 N. Y. 524; *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Bank of Attica* v. *Mfg. Co.*, 17 N. Y. S. R. 386; *DeBost* v. *Albert Palmer Co.*, 35 Hun, 388; *Alexander* v. *Caldwell*, 83 N. Y. 480; *Woodruff* v. *R. R. R. Co.*, 108 N. Y. 39; *Wilson* v. *K. Co. R. R. Co.*, 114 N. Y. 492.)    The incompetency of the plaintiff was such as to justify his discharge.    (2 Pars. on Cont. [5th ed.] 54; *Green* v. *Edgar*, 21 Hun, 414; *Harrington* v. *F. Nat. Bank*, 1 T. & C. 361; *Willets* v. *Green*, 3 C. & K. 59; *Arkush* v. *Hannon*, 60 Hun, 518; *Dean* v. *Cutler*, 20 N. Y. Supp. 617; *Gray* v. *Shepard*, 147 N. Y. 177.)    The court erred in the admission of evidence.    Testimony of the wealth or poverty of the defendant, how much it earned before, at the time of or four years after plaintiff's employment, had no legitimate bearing on the questions and was incompetent and prejudicial. (*Andrews* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334; *People* v. *Corey*, 148 N. Y. 486; *Barnes* v. *Keen*, 132 N. Y. 13; *Lipp* v. *Otis Bros. & Co.*, 161 N. Y. 559; *Hutchins* v. *Hutchins*, 98 N. Y. 56; *Williams* v. *Lewis*, 13 App. Div. 130; *Scattergood* v. *Wood*, 79 N. Y. 263; *People* v. *Dowling*, 84 N. Y. 478; *Niggli* v. *Foehry*, 83 Hun, 269; *Ward* v. *W. Ins. Co.*, 6 Bosw. 299.)

*Elon R. Brown* for respondent.    The proof of profits of the defendant company, as drawn out on cross-examination of defendant's president and treasurer, was proper as bearing upon their credibility in testifying that Outterson had not been elected because his management was unsatisfactory.    (2 Phillips on Ev. [5th ed.] 756; 1 Greenl. on Ev. § 448; *Stanley* v. *Pickhart*, 6 N. Y. Supp. 930.)

Cullen, J.    This action was brought, servant against master, for damages for wrongful discharge from employment.

The plaintiff alleged that he was hired as foreman of defendant's mill for the term of one year. The defendant answered denying that plaintiff's employment was for any stated period and alleging that he was properly discharged for incompetency and misconduct. The evidence tended to show an oral hiring made by one Outterson, the general superintendent of defendant's business. Objection was taken to this testimony on the ground that Outterson had no authority to employ the plaintiff for the term of one year. The objection is not well taken. Outterson had the general management of the business and hired and discharged the employees. The only provision in the by-laws of the company as to his powers was "Article XIX: The Superintendent shall perform such duties as the trustees may direct." No express directions seemed to have been given him and no restrictions placed upon his power, but the management of affairs left to him without instructions. He was, therefore, authorized to make such ordinary contracts as custom and the necessities of business would justify or require. There is nothing to show that the employment of a foreman for the term of one year was extraordinary or unwarranted by the requirements of the business and it cannot be so pronounced as a matter of law. In this respect the case differs entirely from those of *Camacho* v. *Hamilton Bank Note & Eng. Company* (2 App. Div. 369) and *Carney* v. *N. Y. Life Ins. Company* (19 App. Div. 160).

We feel constrained, however, to reverse the judgment for the improper admission of evidence. The secretary of the company, to show the incompetency of the plaintiff, testified that during the period of his employment the output of pulp from the mill averaged about nine tons a day, while at the time of the trial, with the same number of digesters and the same number of workmen, the output was about twenty-seven tons a day. In answer to this testimony the plaintiff was allowed to prove the amount of the dividends and profits of the defendant during the time of plaintiff's employment, for the various years subsequent thereto and up to the trial. It is contended that the fact that such profits did not greatly

vary during these years tended to contradict the statement of the witness that the output from the mill had been largely increased. We think it was not competent for that purpose. The profits of the business were necessarily determined by many other elements, such as the cost of the raw material, the market price of the finished product and the like, as well as by the amount of the output. It is said that this consideration only goes to the weight of the evidence and not to its competency. We think not. What the output of the mill was could readily be proved by direct evidence; that, and not the profits of the company, was the fact that was material on the question of the plaintiff's competency. That a circumstance may have some remote bearing upon the issues on trial is not sufficient to make proof of the circumstance competent and admissible. In legal trials it is necessary to confine the evidence to proof bearing directly on the issues, not only to avoid the prolixity which the opening of collateral inquiries would occasion, but also to prevent the jury from being diverted from the question to be determined by their verdict. Further, parties cannot be expected to have their evidence ready to meet such collateral matters, and, hence, much injustice would be done by their consideration. In the present case the evidence was not only incompetent to contradict the witness, but proof of the fact that for a term of years the defendant had made large profits tended to bias the jury in the plaintiff's favor.

The judgment should be reversed and a new trial granted, costs to abide the event.

Parker, Ch. J., O'Brien, Bartlett, Haight, Vann and Landon, JJ., concur.

Judgment reversed, etc.