PATRICK KELLY, DEFENDANT IN ERROR, v. JERSEY CITY
WATER-SUPPLY COMPANY, PLAINTIFF IN ERROR.

Argued March 26, 1907—Decided June 17, 1907.

The plaintiff was employed by a water-supply company as timekeeper
of the men employed in the erection of a reservoir dam at its
water works. He was employed by C., a stockholder and director
of the company, at $100 per month. When he began the work,
which continued over two years, he found his name entered upon
the payroll at $75 per month. He received his wages at the latter
rate, under protest to the bookkeeper, and upon being advised to
do so by C., who promised that the balance would be paid plaintiff
at the end of the work. After the completion of the work the
defendant refused to pay the balance of the wages demanded, and
suit was brought for its recovery. At the trial motions to non-
suit and direct a verdict were made on the ground that C. was
without authority to make the contract for the company, and on
the further ground of acquiescence. The evidence showed that
C. was general manager of the company in the erection of the
dam, and was permitted to employ the help necessary and to fix
the wages, but if a question was raised as to the rate of wages,
the executive committee, of which C. was one, must approve.
This limitation of authority, however, was not known to plaintiff.
The motions were denied by the trial judge. On review it was
held that C. was acting as general agent in the employment of
men at the works, and that the agency to employ carried with it
the necessary and usual counterpart of a hiring, which is to em-
ploy and pay or fix a price; that the receipt of the reduced wages
under protest was not such an acquiescence as to work an abroga-
tion of the contract, and that the refusal to nonsuit or direct a
verdict was right.

On error to the Supreme Court.

For the plaintiff in error, *William D. Edwards* and *Edwin
F. Smith.*

For the defendant in error, *McDermott & Enright.*

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review a judg-
ment entered upon a verdict returned at the Morris Circuit.

The plaintiff, Patrick Kelly, sues to recover a balance claimed to be due for wages as a timekeeper for the defendant company while in its service at Boonton for a period of over two years, commencing September 24th, 1899, while erecting its reservoir dam there. He was employed, as he testified, by one Nicholas K. Connolly, who was largely interested in the defendant company, and was one of its directors, at the stipulated price of $100 per month. After entering the service he found he was entered upon the payroll at the rate of $75 per month. He protested to the bookkeeper who had charge of the payroll when he saw this, and was advised by him to accept that until Mr. Connolly, who was ill, should come out of the hospital at New York; that about two months later he saw Mr. Connolly and reported the situation to him, who repeated that the contract of hiring was at $100 a month, but as they had got things mixed so, he said he advised plaintiff to accept the amount on the payroll, saying that at the completion of the work they would pay him the same as they did in Philadelphia, where plaintiff had been working for Connolly, when he was hired, which was at the rate of $100 per month. The plaintiff thereupon continued in the company's employ until the completion of the work and received wages each month at the rate stated in the payroll. The work was not completed until the fall of 1904, but in the meantime, in February, 1901, Mr. Connolly died. Plaintiff in September, 1904, demanded a settlement for balance claimed to be due under the contract, and payment being refused, this action was brought. At the trial the jury returned a verdict for the plaintiff of $718.25. A motion was made to nonsuit at the close of plaintiff's evidence, and also to direct a verdict for the defendant when both sides had rested, which were refused, and exceptions to the rulings were duly taken and allowed, and error has been assigned thereon. The ground of the motions mainly insisted upon here was that no authority was shown in Mr. Connolly to make such a contract for the company; that if he had authority to employ men, he had no power to fix the wages without the sanction of the executive committee; that he was a special agent only, and that plaintiff

was therefore bound to ascertain the extent of his power as such, and if he dealt with the agent without such inquiry, it was at his own risk.

It may be necessary, in determining the validity of this exception, to briefly refer to other facts in evidence, in addition to those already stated. There was evidence, which was without contradiction, that Mr. Connolly was general manager of the company in the work at the dam and in the stone quarry nearby, which was worked in connection therewith; that Connolly was actually in charge of the work at the dam until his death, except when he was ill; that he employed other men for the company upon the work. Defendant's witness, Mr. Kennedy, a director, testified that the engineer's general office staff (in which the plaintiff was included) were employed by Mr. Connolly and himself; that "the men who performed the work were oftentimes employed by Mr. Connolly, or by any foreman or superintendent who had jurisdiction." He testified further, "he had power to fix salaries, he thought, and Mr. Connolly had, also," and that "whenever there was a question raised, the executive committee approved it." He further testified that Connolly was in charge of the physical work there, and that lots of men were employed there that he, witness, did not know about. There was no testimony, however, to show that the plaintiff had any knowledge or information that there was any limitation upon the authority of Connolly to fix the wages of the men employed at the time of the contract or during plaintiff's service. Therefore, such limitation, if it existed, would not bind plaintiff. 2 *Pars. Cont.* 57. Nor does it appear that plaintiff was in any way connected with the defendant corporation so as to be charged with knowledge of the actual powers of Mr. Connolly as manager. We think it apparent, from the evidence, that so far as the plaintiff or the public were concerned, Connolly was acting, at the time he made this contract, not as special agent, but as general agent of the company in the work at Boonton and in the employment of men upon the work, including the plaintiff. At any rate, in so doing he was acting within the apparent authority of the company as defined in

*Fifth Ward Savings Bank* v. *First National Bank,* 19 *Vroom* 513, 527. And was it within the general scope of the agency to employ, to fix with the employe the rate of wages? We think it was. The law is that a contract of hiring and service comprehends not only an engagement to serve upon the one part, but upon the other an engagement to employ and pay. 2 *Pars. Cont.* 44. It is a settled principle, also, that "where an agent is employed to transact some specific business, and only that, yet he binds his principal by such subordinate acts as are necessary to, or are usually properly done in connection with, the principal act, or to carry the same into effect." 1 *Id.* 57. We think, therefore, that the ground alleged was insufficient to justify a nonsuit or a direction for the defendant, and that the motions to do so were properly refused. Nor do we think the ground of acquiescence by plaintiff, by his receipt of the $75 per month on paydays, sufficient to justify the court in granting a nonsuit or directing a verdict. The plaintiff received these payments only under protest to the bookkeeper in charge of the payroll, and after assurance by Connolly that the balance would be paid at the close of the work.

Nor do we think there was error in that part of the charge which reads: "Mr. Connolly, as the evidence shows, was in charge of the employing of workmen at or near Boonton for this company, and if he did employ this plaintiff under a contract of this character, the court charges that he had power to do so, and that from its acceptance of the plaintiff's services the defendant is estopped from denying Mr. Connolly's authority." We think this was justified upon the principles already stated above. Our conclusion is, therefore, that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 15.

*For reversal*—None.