# PAUL PINK v. METROPOLITAN MILK COMPANY.[1]

May 14, 1915.

Nos. 19,177—(101).

**Corporation — government by directors.**

1. The directors of a corporation represent the corporation only when acting in meeting as a board. The separate action of the persons composing the board is not the act of the board or of the corporation.

**Authority of general manager.**

2. The power to employ a cashier and accountant, or to authorize an agent to do so, is presumably incident to the position of general manager of a commercial corporation. There is evidence that plaintiff was hired by one authorized by defendant's managing agent.

**Same — employment of cashier.**

3. An agent of a corporation empowered to hire a cashier and accountant has authority to hire him for what is, under the circumstances, a reasonable length of time. Under the circumstances of this case it might be fairly inferred that one year was a reasonable length of time.

**Appeal and error — motion for new trial.**

4. Grounds for new trial not assigned in the trial court will not be considered on appeal.

Action in the municipal court of Minneapolis to recover $250. The facts are stated in the opinion. The case was tried before Charles L. Smith, J., and a jury which returned a verdict for $231.25. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brooks & Jamison* and *H. C. Mackall,* for appellant.

*L. O. Rue,* for respondent.

[1] Reported in 152 N. W. 725.

---

Note.—As to the time for which contracts of employment may be made on behalf of corporation by its officers, directors, and agents, see notes in 49 L.R.A. 471, and 17 L.R.A.(N.S.) 177.

HALLAM, J.

This action is brought to recover on account of breach of contract of employment. Plaintiff claims that on January 27, 1914, he was hired by defendant as chief accountant and cashier for one year at a salary of $125 a month. He worked one month and was discharged, and he now sues for two monthly instalments of salary, less the amount earned by him in other employment. Plaintiff recovered a verdict. Defendant appeals from an order denying its motion for judgment or for a new trial.

The principal question is whether the evidence of employment is sufficient. It is undisputed that on said January 27 Edward Preston, assuming to act on behalf of the corporation, did hire plaintiff for one year at the salary mentioned. The crucial question is whether Preston had authority to bind the defendant by such a contract.

The negotiations commenced about January 20, 1914. The defendant is a corporation. Preston was at that time a director of the corporation and its treasurer. On January 26, at the annual meeting of the stockholders, he was re-elected as a director. He was not re-elected as treasurer but was elected vice-president instead. Up to January 26, F. H. Cosgrove was president of the corporation. After that time A. H. Ruhnke was president. It is not contended that Preston, either as director, or as treasurer or as vice-president, had any implied authority to hire plaintiff. The question is, did he have express authority?

1. He was never authorized by any formal action of the board of directors to hire plaintiff. There is evidence that he did consult a majority of the directors individually and received their approval of his course, but this does not constitute authority from the board of directors. The directors of a corporation represents the corporation only when acting in meeting as a board. The separate individual action of the persons composing the board is not the act of the board or of the corporation. Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261, 276; Cannon River Manufacturers' Assn. v. Rogers, 51 Minn. 388, 53 N. W. 759; Clearwater County State Bank v. Bagley-Ogema Tel. Co. 116 Minn. 4, 133 N. W. 91, 36 L.R.A.(N.S.) 1132, Ann. Cas. 1913A, 622; Cook, Corp. (7th ed.) § 712; Thompson, Corp. 1072, 1073.

2. Preston's authority, if any existed, was derived from Cosgrove and Ruhnke, not as directors but as officers and managing agents of the corporation. It is scarcely necessary to say that a corporation may hire a cashier and accountant without resolution or other direct act of the board of directors. Officers or agents may be vested with this power. 2 Thompson, Corporations, § 1595; Hooker v. Eagle Bank of Rochester, 30 N. Y. 83, 86 Am. Dec. 351; Trawick v. Peoria & F. C. St. Ry. Co. 68 Ill. App. 156. The power to hire such an employee or to authorize an agent to do so is presumably incident to the position of general manager of a commercial corporation. 2 Thompson, Corporations, § 1580; Hardy v. Tittabawassee Boom Co. 52 Mich. 45, 17 N. W. 235; Peck v. Dexter S. P. & P. Co. 164 N. Y. 127, 58 N. E. 6; Kelly v. Jersey City Water-Supply Co. 74 N. J. Law, 734, 67 Atl. 108. The authority of Cosgrove and Ruhnke together was unquestionably ample for that purpose. Both before and after the meeting of January 26 Cosgrove and Ruhnke together had the general management of the corporation, and one or the other of them individually, or the two acting together, hired all the employees of the corporation. There is no contention that any action of the board was ever taken or was ever considered necessary for that purpose. Though the facts are disputed, there is ample evidence that both these men authorized Preston to employ plaintiff. It is conceded that Cosgrove directed Preston "to decide upon the man." There is evidence that he went much further than this and in fact turned plaintiff over to Preston to "close the deal." There is evidence that the matter was taken up with Ruhnke before plaintiff was hired. Preston testified: "Mr. Ruhnke consented for us to go ahead and use our judgment in putting a man in there, and he left it up to me as to the hiring of Mr. Pink." This and other similar testimony is sufficient proof that both Cosgrove and Ruhnke authorized Preston to hire plaintiff.

3. As to the period of hiring, there is evidence that Cosgrove knew and assented to the hiring for the period of a year. We find no evidence that Ruhnke gave any direction as to the period of hiring, but we think authority to employ is authority to employ for what is, under the circumstances, a reasonable length of time (Drohan v.

Merrill & Ring Lumber Co. 75 Minn. 251, 77 N. W. 957; 1 Am. & Eng. Enc. [2d ed.] 1034), and that it might fairly be inferred from the facts in this case that an employment for a year was for a reasonable period of time. Peck v. Dexter, S. P. & P. Co. 164 N. Y. 127, 58 N. E. 6. The question whether an officer of a corporation may hire an employee for a period extending beyond his own term does not arise. Ruhnke and Cosgrove had ample power to confer upon Preston authority to hire plaintiff after, as well as before, the annual corporate meeting on January 26. The act of hiring was not consummated until after that time. Both knew this, and, by accepting plaintiff into employment pursuant to Preston's contract of hiring, they ratified his act after the commencement of the new corporate year.

The question whether defendant offered plaintiff employment of a similar nature which plaintiff should have accepted was, under the evidence, a question of fact for the jury.

4. Error is assigned in the charge of the court. No such ground for new trial was urged in the trial court and it will not be considered here. Clark v. C. N. Nelson Lumber Co. 34 Minn. 289, 25 N. W. 628; Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733.

The only question on this appeal is the question of the sufficiency of the evidence to sustain a verdict for the plaintiff, and we find the evidence sufficient.

Order affirmed.