# CHARLESTON.

### TOWN OF DAVIS v. FILLER *et al.*

## Submitted September 12, 1899—Decided January 24, 1900.

1. SUPERINTENDENT OF STREETS—*Office—Tenure.*

    A superintendent of streets of a town holds at the pleasure of its council, and may be removed by it without cause shown, or charges, or notice. Its action, being discretionary, is not subject to review by courts. (p. 415).

2. OFFICER—*Appointment—Removal.*

    The power to appoint an officer carries with it as an incident power to remove him, in the absence of restraint by constitution or statute. (p. 415).

3. OFFICER—*Removal Discretionary.*

    Where the power of removal of officers is discretionary, the courts will not review such removal. (p. 415).

4. OFFICERS—*Removal—Cause.*

    Where an officer holds during pleasure of the appointing power, he may be removed by it without assigned cause or notice, and the action is not reviewable by courts. (pp. 416-417.)

5. JURISDICTION—*Prohibition—Town Council.*

    The circuit court has no jurisdiction by prohibition to prohibit a town council from removing a superintendent of streets. (p. 417).

Application by the town of Davis against F. S. Filler and John Holt for a writ of prohibition.

*Writ Awarded.*

C. WOOD DAILEY, for petitioner.

CUNNINGHAM & STALLINGS, for respondents.

BRANNON, JUDGE:

Filler was appointed superintendent of streets—commonly called "commissioner of streets"—of the town of Davis, Tucker County, by its council, and later charges were made by the mayor and sergeant that he had refused to receive and work on the streets persons sentenced to such work by the mayor for violation of ordinances, and had refused to recognize the authority of, or have any intercourse with, the mayor. These charges were made by word of mouth in the council meeting, and entered informally in the order book. The council adopted a resolution reciting that Filler had refused to take charge of such prisoners, in violation of his duty under an ordinance, and declaring the position of street commmissioner vacant, and authorizing the mayor to employ persons to look after the street until the next council meeting. Filler then obtained from the circuit court a rule against the mayor, recorder, and councilmen to show cause why a writ of prohibition should not go against them to prohibit the enforcement of the order of the council declaring the street commissionership vacant, and to prohibit one King, who had been placed in charge of the streets, from interfering with Filler as street commissioner, or performing duties assigned him, and prohibiting the council from taking any further action or making interference with the discharge by Filler of the duties of street commissioner. Thereupon the town of Davis and its mayor, recorder, and councilmen presented a petition to a judge of this Court, and obtained a rule against the circuit court and its judge to show cause why a writ of prohibition should not issue to prohibit said circuit court from taking jurisdiction of or making any order in the said prohibition proceeding in said circuit court. Had the circuit court jurisdiction of the proceeding in prohibition? The answer to this question

solves the case. If it has not jurisdiction, it should be prohibited from going on by writ of prohibition from this Court; otherwise not. The answer to this question depends on the further question, had the council of Davis jurisdiction and power to remove Filler? If it had, then the circuit court could not restrain its action by the writ of prohibition; for, if it had jurisdiction to act upon the matter, any mere error of procedure must be remedied by *certiorari.* Then, had the council jurisdiction of the subject of the retention or removal of Filler? I answer promptly, "Yes," both from public policy and law. If a street commissioner,—a mere appointee of a municipal corporation; I may say, for this purpose, a mere employe, —is to have a fixed tenure for a fixed term, without power in the council to remove him, it would cramp the powers of the town, defeat the performance of some of its essential functions, and be very hurtful to public interests. Public policy overrules that contention. But how as to law? This town exists under chapter 47, Code 1891. Section 15 provides that a superintendent of roads, streets and alleys shall be appointed by council, "to continue in office during its pleasure." I might stop here, as that settles the controversy; but, if the power of removal were not given by the Code, it would exist, because the power to appoint carries with it as an incident the power to remove, in the absence of constitutional or statutory restraint of such power. It is called by the United States Supreme Court, as it is, "a sound and necessary rule." *Hennen's Cases*, 13 Pet. 230, 10 L. Ed. 138. Much authority sustains it. Mechem, Pub. Off. § 445. "Where the power of appointment is conferred in general terms, without restriction, the power of removal in the discretion and at the will of the appointing power is implied, and always exists, unless restrained and limited by some provision of law." *Trainor* v. *Board.* (Mich). 15 L. R. A. 95, note) s. c. 50 N. W. 809.) Now, with pointed respect to municipal officers, Dill. Mun. Corp. § 240, says that, "from the reason of the thing, from the nature of corporations, and for the sake of order and government, the power is incidental." *Richards* v. *Clarksburg*, 30 W. Va. 491 (4 S. E. 774), holds that "power to remove a corporate officer is one of the com-

mon-law incidents of all corporations." There it was held
that this incidental power warranted removal of a mayor.
This power is supported by *Hunter* v. *Trustees* (decided
this term) 34 S. E. 729. This power being discretionary,
the tenure being "at the pleasure" of the council, its action
is not subject to review by the courts.

It is pointed out that Code, chapter 47, section 16, gives
town officers a fixed term of one year, and there is author-
ity to say that, where such is the case, generally there is
no absolute power of removal,—only for cause. Throop,
Pub. Off. § 354. But this is not our case. We must
read both sections of the Code and harmonize them. One
says that the officers shall hold at the pleasure of the coun-
cil; the other fixes the term.. The two together mean that
the officers shall hold for that term, unless it is the pleasure
of the council to order otherwise. "A statute may give a
council power to remove officers at pleasure, though the
terms are for a specified time." *City of Madison* v. *Corbly*,
32 Ind. 74.

But it is urged that Filler was removed without charges
filed in writing, or notice to him, arbitrarily, and
that a town ordinance required charges in writing,
and a report of a committee thereon. It required
no notice. If the street commissioner is an officer,
and not a mere employe, not entitled to such charges, this
would be only error in proceedure, not ousting the council
of jurisdiction to act, and correctible by *certiorari*. which
is a writ to correct error of proceedure in an inferior tribu-
nal or board having jurisdiction, and not by prohibition,
which is predicated on want of jurisdiction. , *County Court*
v. *Boreman*, 34 W. Va. 362 (12 S. E. 490) ; *Fleming* v. *Com-*
*missioners*, 31 W. Va. 608 (8 S. E. 267) (Syl., point 6) . But
I think that ordinance only directory; proper and just to
be followed, but not mandatory, so that failure to follow it
vitiates the proceedings, and makes it either void or void-
able. As the Code gives power of removal at pleasure of
the council, I do not think this mere ordinance could affect
the action of the council acting under the authority of the
statute, a law superior to the ordinance. I do not think
such an error could reverse its action even upon *certiorari*.
In fact, I think action of council in such a matter not re-

viewable by a court; yet I do not approve the practice of giving no chance to be heard. However, I can readily see how the council may often be called upon to act very promptly. Where a statute authorzed removal for incompetency, no charges were required, or notice given. *Trainor* v. *Board* (Mich.) 50 N. W. 809, 15 L. R. A. 95. "Removal of appointed officers at the will or caprice of the appointing power is not unconstitutional, in the absence of any provision to the contrary." *Id.* "A town clerk during pleasure is removable without cause shown." "So is a town councilman appointed during pleasure." *Id.*, 15 L. R. A. 96, note (s. c. 50 N. W. 809). JUDGE WOODS, said, in *Richards* v. *Clarksburg*, 30 W. Va. 501 (4 S. E. 780), that, if an officer is a ministerial one,—as, surely, Filler was,—"holding during pleasure, he may generally be removed without notice or trial." It would be a costly consumption of time and money to require a council to have an impeachment trial over its mere appointees, who are not officers in the legal sense, but mere employes, as shown in *Trainor* v. *Board* (Mich.) 50 N. W. 809, 15 L. R. A. 97. See *Burr* v. *McDonald*, 3 Grat. 215, holding officers of a joint-stock corporation to have no franchise in their offices, but mere ministerial agents to conduct its business. "Where an appointment is during pleasure, or power of removal is discretionary entirely, there the will of the appointing or removing power is without control, and no reason can be asked for, nor is it necessary that any cause be assigned." Throop, Pub. Off. § 361; 1 Dill. Mun. Corp. § 250. "Nor will courts review the action where the removing body is vested with discretion." Throop, Pub. Off. § 394. Being of opinion that the circuit court has no jurisdiction in the premises, the writ of prohibition is awarded.

*Writ Awarded.*