# CHARLESTON.

DARRAH *v.* WHEELING ICE AND STORAGE COMPANY.

| 50 | 417 |
| e66 | 205 |
| 66 | 206 |
| 66 | 207 |

Submitted June 21, 1901.   Decided December 7, 1901.

1.  CORPORATION—*Directors—Officers.*
     Under section 53, chapter 53, Code, providing that "The board of directors (of a private corporation) shall appoint such officers and agents of the corporation as they may deem proper, and prescribe their duties and compensation; * * * * The officers and agents so appointed shall hold their places during the pleasure of the board." *Held,* the board of directors cannot appoint such officer or agent so as to bind the corporation to keep him in such position for a definite, fixed period, but he is removable at the pleasure of the board.  (p. 419).

2. CORPORATION—*By-laws—Officer.*
   The officer of a corporation is presumed to know its by-laws adopted before his appointment and is bound by them as to his tenure of office. They have become the law between himself and his employers, and if the board of directors remove such officer under one of such by-laws which provides that he may be removed or discontinued at the pleasure of the board, he cannot complain. (p. 420).

Error to Circuit Court, Ohio County.

Action by Thomas M. Darrah against the Wheeling Ice & Storage Company. Verdict for plaintiff was set aside, and he brings error.

*Affirmed.*

GEO. E. BOYD, for plaintiff in error.

CALDWELL & CALDWELL, for defendant in error.

McWHORTER, JUDGE:

On the 12th day of June, 1889, the Secretary of State issued a certificate of incorporation to the Wheeling Ice and Storage Company. On the 19th day of the same month the stockholders met in pursuance of a written agreement for the purpose of organizing the company, by "electing a board of directors, making by-laws and transacting any other business" which might be lawfully done by them in general meeting. On motion Thomas M. Darrah was chosen president of the meeting. At said meeting the stockholders unanimously adopted by-laws for the government of the company; the fourth by-law enumerating the powers and duties of the board of directors among others contains this provision, "They shall have power to elect a secretary, treasurer and such other officers and agents as be required to transact the business of the company, to fix the salaries to be paid them and to continue or discontinue them in office as in the opinion of the majority of the board the interest of the company may require." The fifth by-law provides, "The board shall hold monthly meetings and such other meetings as the president or a majority of the board may desire." The records of the company show that at a meeting of the board of directors held January 19, 1899, "Mr. Stone nominated Mr. T. M. Darrah secretary and treasurer for the ensuing year, put to vote and declared carried by the president," and further, "Mr. Stone moved that the secre-

tary and treasurer's salary be seventy-five dollars per month, carried." Mr. Darrah entered upon his duties as secretary and treasurer on the day following and continued to serve as such until a meeting of the board held on May 16, 1899, when the said record shows, "Mr. Conner moved that the office of secretary and treasurer, occupied by Thomas M. Darrah be declared vacant, passed, three to two." Said Darrah being thus discharged brought his action of _assumpsit_ against the company claiming the salary for the residue of the year, having been paid for his services to the first day of May. Defendant paid into court seventy-eight dollars and plead payment, a jury was impaneled, when plaintiff rested his case defendant moved to exclude plaintiff's evidence on the ground that the constitution and by-laws clearly show that an employment may be terminated at any time, which motion was overruled and defendant excepted. Defendant then offered in evidence the charter and by-laws, and minutes of the defendant company of June 19, and July 3, 1899. The jury found for plaintiff and assessed his damages at four hundred and sixty-nine dollars and fifty cents, when the defendant moved to set aside the verdict and grant it a new trial which motion was sustained and plaintiff procured a writ of error, claiming that the court erred in setting aside the verdict "because in its opinion the board of directors, by virtue of the provisions of section 53, chapter 53, Code, and of the by-laws of the defendant, had the authority to discharge its officers and agents at any time without incurring any liability for damages."

Section 53, chapter 53, Code, provides that "The board of directors shall appoint such officers and agents of the corporation as they may deem proper, and prescribe their duties and compensation; * * * * The officers and agents so appointed shall hold their places during the pleasure of the board." This statute by necessary implication inhibits the employment by the board of such officers or agents for a definite period or term. They are not permitted thus to handicap the company in the conduct of its business. In _Burr_ v. _McDonald,_ 3 Grat. 215, syl. pt. 1, it is held, "The officers of a joint stock company incorporated for private purposes, have no private franchise in their offices; but are the mere ministerial agents of the company to conduct its business for the benefit, and under the authority of the company." And in _Hunter_ v. _Insurance Company,_ 26 La. Ann. 13,

it is held, "The officer of a company must be presumed to know its by-laws adopted before his appointment, and is bound by them as to his tenure of office. They have become the law between himself and his employer. By one of their by-laws the defendants had reserved the right to remove an officer at pleasure. Plaintiff is an officer in the sense of said by-law and therefore cannot complain." This was an employment of the plaintiff by the defendant company as premium ledger bookkeeper; that in February, 1869, the time fixed by the charter of the company for the election of officers for the ensuing twelve months, he was engaged for one year at a salary of twelve hundred dollars per annum; that he served the company during all that year, and up to the first Monday in February, 1870, when he was re-engaged for another year, and that without any cause he was on the first of April, 1870, dismissed. He sued for his salary for the balance of the year and had judgment. The article of the by-law in that case provides that, "The tenure of all the officers of this corporation shall be during the pleasure of the majority of the board of directors, and at the first meeting of each new board an election shall be held for all officers of the company." The language of the by-law clearly implies that the tenure of office is for one year subject of course to the right and power of the board of directors to remove them at their pleasure, and he took the office with the knowledge of the precarious tenure by which he held it. This case is on all fours with the case at bar. It is treated in the opinion as being an employment for the year and re-engagement for another year in which the plaintiff served from February until April when he was dismissed and he sued for his salary for the balance of the year and recovered a judgment. The judgment was reversed because of the right and authority of the board of directors to dismiss him at their pleasure.

It is insisted by plaintiff in error that the laws and by-laws do not provide for the removal of officers and agents where the term is fixed, and cites 1 Morawetz on Pr. Corp., s. 541; Beach on Pr. Corp., s. 184; Mechem on Agency, ss. 204 and 209. The first of said authorities says, "It does not follow that the directors have authority to remove an agent of this character merely because they appointed him pursuant to the provisions of the charter. There should be an express provision granting the power of removal." It is hard to conceive how the power to remove could

be more completely expressed than it is in the langauge of the by-law when it says, "They shall have power to elect a secretary, treasurer and such other officers or agents as be required to transact the business of the company, to fix the salaries to be paid them and to continue or discontinue them in office as in the opinion of the majority of the board the interest of the company may require." These words contain distinct power to "discontinue them in office" which is surely equivalent to the words "remove them from office." When a man is discontinued, he is removed or discharged.

It is claimed by plaintiff in error that his employment amounted to a contract for the term of one year. This cannot be true as he knew of the by-laws and at least is presumed to have knowledge of the statute as contained in section 53, chapter 53, Code, and as held in *Hunter* v. *Insurance Company, supra,* plaintiff was an officer in the sense of said by-law as well as of said statute and he took the position and employment subject to the provisions of both the statute and the by-law. In *Town of Davis* v. *Filler,* 47 W. Va. 413, (35 S. E. 6), syl. pt. 4, it is held, "Where an officer holds during pleasure of the appointing power, he may be removed by it, without assigned cause or notice, and the action is not reviewable by courts." *Hartigan* v. *University,* 38 S. E. 698. In these last two cases this question is thoroughly discussed as to public officers and by the said section 53 the officers of private corporations are put upon the same footing with the municipal officer Filler in the said case of *Town of Davis* v. *Filler.*

In case at bar the trial judge filed in the case an opinion in which he says, "Under the evidence there was error in refusing to instruct the jury to find for the defendant and the verdict must be set aside." While it does not appear from the record that such an instruction was asked to be given to the jury, it does show that the motion of defendant to exclude the plaintiff's evidence was made and overruled and exception taken by the defendant. This motion if sustained would have been equivalent to the giving of such instruction.

The judgment of the court in setting aside the verdict is affirmed.

*Affirmed.*