# CHARLESTON.

## Munn v. Wellsburg Banking & Trust Co.

Submitted June 5, 1909.     Decided November 9, 1909.

1. Corporations—*Employes—Removal Without Cause*—"*Officer*"—"*Agent.*"

   One employed by a corporation to serve as bookkeeper, for a definite period, is not *ex vi termini* an officer or agent of such corporation within the intendment of section 2281, Code 1906, holding his place during the pleasure of the board of directors, and removable without cause by such board without liability upon the corporation for a breach of its contract of employment. (p. 206).

Error to Circuit Court, Brooke County.

Action by W. C. Munn against the Wellsburg Banking &
Trust Company. Judgment for defendant, and plaintiff
brings error.

*Reversed.*

R. L. *Ramsey, Jr.,* for plaintiff in error.

J. R. *Donehoo,* F. A. *Chapman,* and E. E. *Carter,* for defend-
ant in error.

Miller, President:

The court below sustained defendant's demurrer to plain-
tiff's declaration, and he not desiring to amend, the judgment
complained of, that he take nothing by his suit and that
defendant go thereof without day, was pronounced.

The point is not made that the declaration is not good in
form. It seems to be in the form prescribed by approved
precedents for declarations in *assumpsit* for discharging a
servant. Gregory's Forms Anno. No. 54, and cases cited.

The only question presented by the demurrer and argued
here is, whether one employed by a corporation, for a definite
period, and for fixed compensation, to serve in the capacity
of bookkeeper, is within the meaning of section 2281, Code
1906, an officer or agent of such corporation, holding his
place during the pleasure of the board of directors, and
removable without cause by such board without liability upon
the corporation for breach of the contract.

That section provides that, "The board of directors may,
subject to the provisions of law and the by-laws, appoint such
officers and agents of the corporation as they may deem proper",
who " shall hold their places during the pleasure of the board."
In *Darrah* v. *Wheeling Ice and Storage Co.,* 50 W. Va. 417,
relied on by the defendant, it was held, that the board of
directors cannot appoint such officer or agent so as to bind the
corporation to keep him in such position for a definite, fixed
period; that such officer is bound to know by the law or by the
by-laws if they so provide, that he is removable at the pleasure
of the board, and that a contract for a definite period is *ultra
vires* and without authority. The *Darrah Case* involved the
employment of a secretary and treasurer, an officer provided
by statute and the by-laws of the corporation. It is insisted

that that case is applicable to this case at bar. This depends on whether the employment to serve in the capacity of bookkeeper implies, *ex vi termini*, an employment as officer or agent. If it does, *Darrah* v. *Ice Co.*, must control our decision. We may readily concede that by by-law or by contract or manner of dealings a bookkeeper might become an officer or agent within the meaning of the statute. 5 Cyc. 476, subject, "Minor Officers". This authority says, "Tellers, bookkeepers, and others,—act under special or express authority. Third persons deal with them *suo periculo*, and their acts bind their bank only when they are within the line of authority." But does employment to serve as bookkeeper imply anything more than servantcy at the will of the employer? We think not. The term "bookkeeper", we think, implies mere servantcy to record or keep a record of the transactions of the master and under his direction, and not official character or agency to deal with third persons. In *Chambers* v. *King Wrought-Iron Bridge Manufactory*, 16 Kans. 270, 276, it is held that, one who performs clerical duties is in one sense a clerk, but that a bookkeeper was not a clerk within the meaning of the statute authorizing service of process on certain officers or a clerk of a corporation. And in *McGoldrick* v. *Traphagen*, 88 N. Y. 334, 335, it was held that a bookkeeper is not a clerk within the rule excluding books of account kept by a party who keeps a clerk. In Virginia, in *The Merriman Co.* v. *Thomas & Co.*, 103 Va. 24, 27, it was held, that the name "bookkeeper" does not import agency, and that an affidavit of plaintiff's bookkeeper to an account filed with his declaration in *assumpsit* was not an agent within the meaning of the statute requiring the affidavit of the plaintiff or his agent. The Virginia case cites Mechem on Agency, sections 1 and 2, for the general definition of agency; the distinguishing characteristic as there stated, being his representative character and his derivative authority. In section 2 this authority says: "Agency properly relates to transactions of business with third persons, and implies more or less of discretion in the agent as to the time and manner of his performance. Service, on the other hand, has reference to actions upon or about things. It deals chiefly with matters of mere manuel or mechanical execution, in which the servant acts under the direction and control of the master." The

word "bookkeeper" implies no such representative capacity. *The Merriman Co.* v. *Thomas & Co., supra,* and authorities cited.

It is argued, however, that the case of *Hunter* v. *Insurance Co.,* 26 La. Anna. 13, cited with approval in *Darrah* v. *Ice Co., supra,* a bookkeeper's case, is to the contrary. The point of the syllabus in that case is: "The *officer* of a company must be presumed to know its by-laws adopted before his appointment, and is bound by them as to his tenure of office. They have become the law between himself and his employers. By one of their by-laws the defendants had reserved the right to remove their officers at pleasure. Plaintiff is an officer in the sense of the said by-law, and therefore can not complain." The plaintiff in that case was employed as a so called "Premium ledger bookkeeper". It does not appear from the report of the case what duties may have been prescribed for him by the by-laws, if any. He was there treated as an officer, however, and as applied to an officer the principle enunciated was applicable and properly applied in *Darrah* v. *Ice Co.* But that principle would certainly not be applicable in this state in the case of a mere servant, not an officer or agent within the meaning of the authorities to which we have referred; for it has been held in this and in other states, that while the power and authority to remove or discharge a servant of a corporation exists, the corporation is nevertheless liable in damages for a breach of the contract with such servant. *Rhoads* v. *Railway Co.* 49 W. Va. 494; *Maury* v. *C. & O. R. R. Co.,* 27 Grat. 698; *Crescent Co.* v. *Eynon,* 95 Va. 151; *Willoughby* v. *Thomas,* 24 Grat. 521.

It does not seem necessary to allege in a declaration of this character, and the point is not made, that the plaintiff has not alleged he could not have saved himself from the consequences of the defendant's default by obtaining work elsewhere. This is matter of defense to be pleaded. 13 Ency. Pl. & Prac. 916.

For these reasons, we are of opinion that the court erred in giving judgment for the defendant on the demurrer, and that the judgment below should be reversed.

*Reversed.*