# CHARLESTON

## Long v. United Savings & Annuity Co.

Submitted March 2, 1915.   Decided March 23, 1915.

1. Corporations—*"Agent"*—*Term of Employment.*
    A person employed by an annuity company to sell its bonds and to appoint local agents to sell same, is the agent of such company, within the meaning of Sec. 53, Ch. 53, Code 1913, and holds his place only during the pleasure of the board of directors. (p. 33).

2. Same—*Agent*—*Right to Discharge.*
    Although such agent is employed for a certain time he may be discharged by the board of directors without liability. (p. 33).

(Lynch, Judge, absent.)

Error to Circuit Court, Kanawha County.

Action by E. L. Long against the United Savings & Annuity Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Murray Briggs,* for plaintiff in error.

*Cato & Bledsoe,* for defendant in error.

WILLIAMS, JUDGE:

Assumpsit for alleged breach of contract, judgment for plaintiff and defendant brings error.

Defendant is a corporation, chartered and organized for the purpose of issuing and selling annuity bonds. Its executive committee employed plaintiff "as its Agency Director for the sale of its said annuity bonds," and agreed to pay him a salary of $1,800 a year, in instalments of $150, payable at the end of each month, and, in addition thereto, was to give him a commission of five per centum of so much of the first year's premium as the purchaser should pay on each bond sold. The contract authorized plaintiff to employ local agents to sell bonds, who were to be defendant's agents, and provided that all contracts with them should be made in defendant's name. The contract also fixed the compensation to be paid such agents, which was a certain per centum on the first year's premiums paid on bonds by purchasers thereof, as commissions. Plaintiff's employment was to continue for a period of one year from the 1st of January, 1911. He was discharged by the board of directors on the 1st day of August, 1911, as he alleges, without just cause, and he brought this action to recover damages for loss of salary for the five remaining months of the year, and commissions alleged to be due him on sales of bonds.

Defendant demurred to the declaration, filed a special plea tendering the sum of $57.25 admitted to be due plaintiff, and joined issue on the claim for damages. The jury returned a verdict in plaintiff's favor for $750, upon which the court entered judgment, after overruling defendant's motion to set the verdict aside. The declaration contains three counts; the first embracing the common counts in assumpsit; the

second averring the contract in terms, the breach thereof by plaintiff's discharge, and his resulting damages; and the third averring, in substance and effect, the contract and its breach by failure to pay plaintiff the agreed commissions accruing from the commencement of the term of his employment.

It is insisted that the demurrer to the second and third counts should have been sustained, because neither of them averred that plaintiff, while in defendant's employ, performed the duties incident thereto, or that he was able, after his discharge, to perform such duties. We have carefully considered these counts and do not think the criticism of them is justified. A number of other errors are assigned as grounds for a reversal of the judgment. Some of them relate to the exclusion of evidence, and others to the admission of alleged improper evidence. But in view of the admitted fact that plaintiff was fully paid for services actually performed, and is suing to recover only damages for his alleged wrongful discharge, the case depends upon the construction of the contract, and that question is in no wise affected by the excluded or admitted evidence complained of, and hence the assignments in relation thereto need not be considered. The case turns wholly on plaintiff's relation to the defendant corporation, whether he was its officer or agent, or a mere servant or employe. That question must be determined by the terms of the contract and the character of the services plaintiff was to perform. Defendant admits that he was discharged by its board of directors, and seeks to justify their action on two grounds, viz.: (1) that the contract of employment, although expressly for a year, was, in view of Sec. 53, Ch. 53, Code 1913, only during the pleasure of the board; and (2) that the services rendered did not justify plaintiff's retention longer in defendant's employment. We need consider only the first of these grounds, if we should reach the conclusion that plaintiff was employed as an officer or agent of defendant. Because the statute cited expressly provides that such an one can hold only during the pleasure of the board of directors. In order to determine whether plaintiff was an officer or agent, or only an ordinary employe, in which latter case his contract of employment would be binding on the corporation, *Munn* v. *Trust Co.*, 66 W. Va. 204, it is

necessary to consider the terms of the contract, the character of work to be performed by plaintiff, and whether or not he was vested with a discretion belonging to the board of directors, and had power to bind defendant by contracts made for it and in its name. The contract denominates him "Agency Director", and gives him complete control over the selling of bonds, and the employing of local agents to sell them. Selling annuity bonds was defendant's chief source of revenue, and should therefore be under the constant control and supervision of the board of directors, or of an executive committee thereof. Yet, by the terms of the contract, if they are to prevail, the management of this part of the business was turned over to plaintiff for a year. He was vested with the power to sell all the bonds, by himself and through local agents to be selected by him, for that period of time. Comparatively few men are qualified to make successful salesmen of annuity bonds; and to make defendant's business a success discretion was necessary in the selection of agents to sell the bonds. The contract turned that important branch of the business over to plaintiff for a year; and the agents he selected were made the agents of defendant, and all contracts they made for sale of bonds were to be made in its name. As further evidencing a surrender of discretion to plaintiff, the contract bound defendant to advance to agents employed by him certain stipulated percentages of the first, second and third month's premiums collected on bonds sold by them, if plaintiff should so direct. The contract would take out of the hands of defendant's directors, and place in the absolute control and management of plaintiff, the chief source of the corporation's income for the period of a year. The powers thus conferred upon plaintiff clearly constituted him defendant's agent and authorized him to transact, in its name, an important part of the very business for the accomplishment of which it was incorporated. He was more than a mere servant or ordinary employe, like a bookkeeper, stenographer or day laborer, he was an agent clothed with power, not only to bind his principal by selling bonds himself, but to select other agents and confer upon them like power to sell bonds in the principal's name. The contract must be interpreted in the light of the law concerning the power

vested in boards of directors, and hence section 53, chapter 53, Code 1913, becomes as much a part of the contract as if it had been incorporated in it in terms. That statute authorizes boards of directors, "subject to the provisions of law and the by-laws," to appoint such officers and agents of the corporation as they may deem proper, but it expressly provides, that "the officers and agents so appointed shall hold their places during the pleasure of the board." Plaintiff being an agent, it necessarily follows that his employment was only during the pleasure of the board, notwithstanding the contract expressly stated it was for a year. The board had the right to discharge him before the end of the year, without rendering their corporation liable to him in damages. To hold otherwise would be to nullify the statute.

The fact that the contract was made with the executive committee, and not directly with the board of directors, can make no difference. The executive committee was a creature of the board, and it certainly did not have any greater power than the board itself possessed. The contract is not more binding than if made directly with the board. There is a by-law of the defendant corporation which authorizes the board of directors to appoint an executive committee from their own number, consisting of five members, which shall have active management of the corporation's affairs, with the power to appoint "all agents other than the officers of this corporation and such other incidental powers and duties as the board of directors may find it impracticable to exercise." But that by-law also expressly provides that said executive committee shall be subject to the control of the board of directors, and shall hold their places during the pleasure of the board.

This case falls clearly within the rule announced in *Darrah* v. *Wheeling Ice & Storage Co.,* 50 W. Va. 417, and is controlled by it. *Munn* v. *Trust Co., supra,* relied on by plaintiff, does not control. That was a suit by a bookkeeper, who had been discharged before the expiration of the term of his employment, and the court there held he was not an officer or agent within the meaning of the statute, and therefore, could not be discharged without liability. The opinion in that case recognizes the Darrah case as binding authority, and dis-

tinguishes it, and holds that a mere bookkeeper is not included in the terms of the statute.

The judgment is reversed, the verdict set aside and the case remanded.

*Reversed and remanded.*