[No. 12723.  Department One.  December 3, 1915.]

JAMES C. MURRAY, *Appellant*, v. MacDOUGALL & SOUTHWICK COMPANY et al., *Respondents*.[1]

CORPORATIONS—OFFICERS—EMPLOYMENT—DISCHARGE—POWER OF TRUSTEES—STATUTES. A contract employing a manager of a corporation for a term of years is subject to termination by the trustees at any time, under Rem. & Bal. Code, § 3683, providing that the board of trustees shall have power to appoint officers and "to remove them at will;" and the contract is not enforceable on the theory of ratification by the unanimous vote of the stockholders, since they have no power to direct or compel the employment of any person, and to permit them to do so would defeat the policy of the law.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 28, 1914, upon sustaining a demurrer to the complaint, dismissing an action for damages for breach of contract. Affirmed.

*Brightman, Halverstadt, Tennant & Clarke*, for appellant.

*Farrell, Kane & Stratton*, for respondents.

CHADWICK, J.—In January, 1909, appellant entered into a contract with respondent company, a corporation, to act as its manager for a period of five years from February 1st, 1909. The salary agreed upon was $5,000 per year, to be

[1]Reported in 153 Pac. 317.

paid in monthly installments. It is alleged in the complaint that this contract was authorized by the board of trustees of the respondent and by the unanimous vote of its stockholders.

Appellant commenced his work as manager on the 1st day of February, 1909, and was discharged by the respondent on the 11th day of June, 1910. Appellant brought this action, alleging a breach of contract and fixing, as the amount of his damages, the salary he would have earned if he had continued in the employ of the respondent until the end of the term. The court below sustained a demurrer to the complaint. Appellant refused to plead further, and a judgment for dismissal was entered.

We understand that it is conceded that the case falls within *Llewellyn v. Aberdeen Brewing Co.*, 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913 B. 667, and *Hewson v. Peterman Mfg. Co.*, 76 Wash. 600, 136 Pac. 1158, 51 L. R. A. (N. S.) 398, unless overruled or distinguished, or unless the allegation that the contract was authorized by the trustees and by the unanimous vote of the stockholders takes it out of the rule.

The cases referred to are decided squarely upon the statute and we have no disposition to modify them. It is a primary rule of statutory construction that courts cannot overcome statutes, not unlawful in themselves or violative of some provision of the constitution, to meet the equities of any particular case, the presumption being that the legislature has passed the act advisedly and with reference to every possible condition that might arise under it.

It is contended, however, that the *Llewellyn* case did not hold that a board of trustees of a corporation may discharge an employee at will; that the logic of that opinion rests in the suggestion of the writer of the opinion that, if the trustees were permitted to employ an agent or servant at will and for a term extending over their own terms of office, it might be detrimental to the interests of the stockholders,

and thus force a condition from which the stockholders might obtain no relief by any lawful means or method, their primary right of government being limited to the right of selecting their own trustees. It is further contended that it does not deny, but leaves open for affirmation, a rule of substantive law which, if applicable, must control the case at bar; that is, if the statute was, as is indicated by some of the expressions in the opinion, passed for the benefit of the stockholders, it is a benefit that can be waived, and in the instant case, it has been waived.

Whatever may have been said in the *Llewellyn* case, we think, nevertheless, that the case is controlled by the statute, and that it is not within our power to write an exception into it. It is provided that a corporation, acting through its trustees, shall have power,

"To appoint such officers, agents, and servants as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation;

"(5)   To require of them such security as may be thought proper for the fulfillment of their duties, and to remove them at will; except that no trustee shall be removed from office unless by a vote of two-thirds of the stockholders, as hereinafter provided." Rem. & Bal. Code, § 3683 (P. C. 405 § 23).

It will be observed that the whole management of the corporation is in the board of trustees, and the fact that the stockholders may have authorized, or may have ratified an act, does not take it without the statute.

"Where the board of directors are authorized by the statute or by law to appoint such officers or agents as they deem proper, who shall hold their places during the pleasure of the board, the board cannot appoint such officer or agent for a definite, fixed period; such officer is bound to know that he is removable at the pleasure of the board, and that a contract for a definite period is executed without authority." 7 R. C. L. 430.

We said the same thing in the *Llewellyn* case:

"He must be held to have entered into the contract subject to the statutory authority vested in the corporation

trustees by which they were empowered to remove him at will."

Two reasons for holding that this case furnishes no exception to the rule suggest themselves to our minds as sufficient: The one is that the stockholders would have no right or authority, under the statute, to direct the trustees to employ any particular person. The employment of agents, officers and servants is committed to the trustees and to the trustees alone. Neither could the stockholders compel the employment of any particular person. It follows that, having no power to authorize or compel such employment, they could not ratify an employment so as to take away a discretion which the law has vested in the trustees. If the stockholders are not in sympathy with the management, or are not willing to abide by the judgment of the trustees, a remedy is given by the same statute, and that is, that they may remove the trustees, or any of them, by a two-thirds vote of the stock represented at a meeting of the stockholders.

The second reason is, that, if the act be authorized by the stockholders, the case differs in no way from the *Llewellyn* case. For if it be held for a moment that the stockholders, notwithstanding the statute, could authorize the employment in the first instance, the corollary of that principle would be of equal force; that is, that the trustees having employed a person under a term contract, and the stockholders having permitted such employment to continue beyond a reasonable time for objection, such authorization would be implied in law, thus defeating the policy of the law entirely.

Appellant puts reliance upon the observation of Mr. Morawetz, in his work on Private Corporations where he says, at § 541, in speaking of the revocation of the power of agents:

"But the directors of a corporation have no implied authority to revoke the power of those agents who are appointed by a vote of the shareholders, or whose office is fixed and regulated by the charter."

We think this no more than an observation on the part of the author as to what the law might be in the absence of a statute, or if the privileges of the stockholders were defined in the charter. The statute leaves us no room for speculation as to what rule would obtain if we were free to inquire beyond its terms.

Therefore, upon the authority of the statute and our own decisions, the judgment of the court below is sustained.

Affirmed.

MORRIS, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.