[No. 13092.  Department Two.  May 20, 1916.]

WALTER BARAGER, *Respondent*, v. ARCADIA ORCHARDS
COMPANY, *Appellant*.[1]

CORPORATIONS—OFFICERS, AGENTS AND "SERVANTS"—EMPLOYMENT—
REMOVAL.  Under Rem. & Bal. Code, § 3683, authorizing corporations
to appoint "officers, agents and servants," to require security of them,
and to "remove them at will," the term "servants" includes an "as-
sistant horticulturist" employed for one year by an "orchards" com-
pany, and is not to be restricted to employees in a fiduciary capac-
ity.

Appeal from a judgment of the superior court for Spokane
county, Webster, J., entered January 22, 1915, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion on contract.  Reversed.

*Cullen, Lee & Matthews*, for appellant.

*F. A. McMaster*, for respondent.

PARKER, J.—The plaintiff, Walter Barager, commenced
this action in the superior court for Spokane county, seeking
recovery of damages which he alleges resulted to him from the
breach of an employment contract entered into by him with
the defendant, Arcadia Orchards Company, a domestic cor-
poration, before the expiration of his agreed term of employ-
ment.  Trial before the court and a jury resulted in verdict
and judgment in favor of the plaintiff for the sum of $620,
the full amount claimed, from which the defendant has ap-
pealed.

Respondent entered into a contract with appellant by the
terms of which he was employed as its "assistant horticul-
turist" for the term of one year, commencing January 1,
1914, and ending December 31, 1914, for which he was to
receive a salary of $155 per month.  The contract, which
was in writing, did not specify the nature of his employment

1Reported in 157 Pac. 675.

other than by referring to him as "assistant horticulturist." It appears, however, from the complaint and his own testimony, that his duties were to assist in irrigating, pruning, spraying and cultivating appellant's orchards and in having charge of men under him in the performance of such duties. On September 1, 1914, appellant discharged respondent from its employment and refused to pay him any salary thereafter. This is claimed by respondent to have resulted in his damage, measurable by the amount of his salary during the last four months of his agreed term of employment, for the recovery of which this action was commenced.

It is contended in appellant's behalf that the trial court erred in refusing to render judgment in its favor and dismiss the action with prejudice. This question was raised in the trial court by demurrer to the complaint, by challenging the sufficiency of the evidence at the conclusion of the trial, and by motion for judgment notwithstanding the verdict, made before the rendering of final judgment. It is of no consequence whether we view the problem as one touching the sufficiency of the allegations of the complaint to constitute a cause of action or the sufficiency of the evidence to entitle respondent to recover, the controlling facts being conceded.

Counsel for appellant rest their contention upon § 3683 of Rem. & Bal. Code (P. C. 405 § 23) prescribing the powers of corporations as follows:

"(4)   To appoint such *officers*, *agents*, and *servants* as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation;

"(5)   To require of *them* such security as may be thought proper for the fulfillment of their duties, and to remove *them* at will.   . . ."

We have italicized the words of these two subdivisions of § 3683 which we regard of controlling force here. The only question here for consideration is, then, does this statutory power of removal apply to an employee of a corporation whose duties under his contract of employment are of the nature of

respondent's and who has an express contract with the corporation for a specific term. The above quoted subdivisions of § 3683, viewed apart from our previous decisions and those of other courts, seem to us to so plainly answer the question in appellant's favor as to hardly admit of serious argument to the contrary. In subdivision 4 we find the terms "officers, agents, and servants"; and in subdivision 5 the power "to remove them at will." Manifestly the word "them" refers equally to "officers, agents, and servants" mentioned in subdivision 4. Conceding, for argument's sake, that respondent was not an officer or agent of appellant, it seems to us that he was, in any event, a servant of appellant within the commonly accepted meaning of that term. 35 Cyc. 1430. If the word "servants" as here used means only some employee of a corporation inclusive of the terms "officers" or "agents," then the word "servants" manifestly was used to no purpose. Of course, the word "servants" must be considered of some force as here used, under well recognized rules of statutory construction.

There is, however, in the decision of this court in *Llewellyn v. Aberdeen Brewing Co.*, 65 Wash. 319, 118 Pac. 30, Ann. Cas. 1913 B. 667, some observations which may seem not wholly in harmony with this conclusion. In that case, there was involved the employment by the brewing company of Llewellyn as "its attorney and assistant manager," for an agreed term of three years at a salary of $300 per month. It was there held that, notwithstanding the express contract of employment for the specified term, by virtue of the corporate powers prescribed by subdivisions 4 and 5 of § 3683 above quoted, Llewellyn could be removed by the proper authorities of the corporation without rendering the corporation liable for that portion of his salary which would fall due thereafter had his employment continued. It was there suggested as the evident policy of this statute that, if the trustees of the corporation were authorized to appoint "officers,

agents and servants" to positions of responsibility and trust
in the management of the corporate affairs and extend their
appointments over a period of years and thus deprive the
subsequent trustees of the power of removal, they could thus
perpetuate any business policy of the corporation even though
it be detrimental to the interests of the stockholders, who
would be unable to obtain relief therefrom.    It is true, the
court there observed :

"The expression 'officers, agents, and servants,' used in
subdivision 4 of § 3683, *supra,* contemplates employees of a
fiduciary character who are to occupy positions of responsi-
bility and trust, as subdivision 5 provides that such security
as may be thought proper may be required of them for the
fulfillment of their duties."

This observation, we think, may be accounted for as being
suggested by the decisions of other courts cited in the opinion,
especially the quotation from the Louisiana case on page 322.
It is to be noted, however, that the Louisiana case involved
the removal of an officer of a corporation under a by-law read-
ing: "The tenure of all officers of this corporation shall be
during the pleasure of the majority of the board of directors."
No statute or by-law has come to our notice touching the
power of removal of employees of a corporation which refers
to the employees subject to removal as "officers, agents and
*servants,*" as our statute does.    It seems to us that the policy
of the statute suggested by the court in the *Llewellyn* case,
being to prevent the trustees of a corporation from binding
the corporation to any future fixed course of action or policy
so far as the personnel of its employees is concerned, touches
the power to remove "servants" "at will," as much as it does
the power to remove "officers" or "agents" "at will"; for such
is the express language of the statute.    So far as the observa-
tions of the court in the *Llewellyn* case suggest that the pow-
er of removal conferred by this statute does not apply to
"servants" other than those of certain superior classes, such
as officers and agents, we think such observations must be re-

garded as dictum and not decisive of the question here presented.

Our later decisions in *Hewson v. Peterman Mfg. Co.*, 76 Wash. 600, 136 Pac. 1158, Ann. Cas. 1915 D. 346, 51 L. R. A. (N. S.) 398, and *Murray v. MacDougall & Southwick Co.*, 88 Wash. 358, 153 Pac. 317, are of interest in this connection, but do not decide this exact question.

We conclude that the judgment must be reversed and the action dismissed. It is so ordered.

Holcomb, Mount, Main, and Chadwick, JJ., concur.