VADER H. VAN SLYKE v. METROPOLITAN NATIONAL BANK.[1]

May 4, 1923.

No. 23,317.

**Chairman of board of national bank not entitled to salary for unexpired term.**

1. Plaintiff, a director in the defendant bank, was elected chairman of the board of directors for a specified length of time. His term as director expired and he was dismissed as chairman of the board before the end of the term for which he was elected *Held* that he is not entitled to recover his salary for the unexpired term of service.

**Officers of national bank may be dismissed at pleasure.**

2. A national bank cannot legally hire any one of its officers for a specified time.

[1]Reported in 193 N. W. 470.

Action in the district court for Hennepin county to recover $11,500 for services. Defendant's motion for judgment on the pleadings was granted by Montgomery, J. From the judgment in favor of defendant, plaintiff appealed. Affirmed.

*Rockwood & Mitchell,* for appellant.

*Jay W. Crane,* for respondent.

QUINN, J.

This suit involves the identical resolution considered in Van Slyke v. Andrews, 146 Minn. 316, 178 N. W. 959, where it was held void as against public policy and that no right of action could be founded thereon. In the instant case the trial court ordered judgment in favor of the defendant on the pleadings. From the judgment so entered plaintiff appeals.

The facts leading up to the passage of the resolution are tersely stated in the opinion referred to and require no repetition here. As to the validity of the resolution, the holding there applies here. A copy thereof is attached to and made a part of the complaint and is admitted in the answer. It constitutes the basis of the cause of action upon which plaintiff seeks to recover as set forth in his amended complaint.

Plaintiff was president and one of the directors of the defendant bank. On November 1, 1917, he resigned as president, and the board over which he presided, by the resolution in question, appointed him chairman of the board of directors for the period of 14 months, at a salary of $1,000 per month. Plaintiff accepted the position and performed his duties as such officer until January, 1918, when his term as director expired. He was not re-elected a director. The comptroller of currency objected. The board of directors then passed a resolution revoking the former resolution and dismissing plaintiff as such chairman. Plaintiff received payment for his services up to the middle of January, 1918. He now sues to recover for the balance of the 14 months.

The trial court was right. When plaintiff's term of office as director expired he was no longer qualified to act as chairman of

the board. The resolution was void because the board had no authority, under the Federal banking law, to appoint an officer of the bank for any specified time. Under the Revised Statutes, § 5136, the board had a right to dismiss plaintiff at its pleasure. We are unable to concur in the contention that a resolution of the board of directors of a national bank, appointing one of its directors as chairman of the board, amounts to the mere hiring of an employe of the bank as distinguished from an officer. In such a position his official duties are surpassed by no other officers, insofar as the general welfare and business affairs of the bank are concerned, but his services as such may be dispensed with in the same manner as those of other officers. Harrington v. First Nat. Bank of Chittenango, 1 Thompson & Cook (N. Y. Supp.) 361 and 366; First Nat. Bank of Brandon v. Briggs, 69 Vt. 12, 37 Atl. 231, 37 L. R. A. 845, 60 Am. St. 922; Westervelt v. Mohrenstecher, 76 Fed. 118, 22 C. C. A. 93, 34 L. R. A. 477.

Judgment affirmed.