Sol Abbott, Respondent, v. Stern Brothers, Appellant.

First Department, May 29, 1936.

*Robert H. O'Brien* of counsel [*Richard Jones* with him on the brief; *Simpson, Thacher & Bartlett,* attorneys], for the appellant.

*Harry Bijur* of counsel [*Bijur & Herts,* attorneys], for the respondent.

McAvoy, J.   The plaintiff sued to recover the sum of $46,595.91 as damages for the alleged breach by the defendant of a written contract of employment claimed to have been made between plaintiff and defendant on July 1, 1931.   The written instrument was executed by plaintiff and by Samuel Mundheim, the president of defendant at that time, and provided that the defendant agreed to employ the plaintiff as its general merchandise manager for a period of two years commencing December 31, 1931, at a salary of $30,000 per annum, payable in equal monthly installments of $2,500.   The plaintiff was discharged on June 6, 1932, and he claims as damages the salary in the contract in question for the period from June 11, 1932, to December 31, 1933, together with appropriate interest thereon.

Defendant does not dispute that the written instrument was in fact executed at some time by the plaintiff and by Samuel Mundheim, and that plaintiff was discharged; but contends that the contract was never binding on it, and even if it was binding on it at the time it was executed, that the board of directors of defendant properly and justifiably terminated all liability of the defendant under such alleged contract subsequent to June 11, 1932, as of which date the board discharged the plaintiff from the employment of the defendant.

In a prior action in the City Court of New York, plaintiff sued and recovered judgment for the unpaid balance of the compensation due plaintiff under the contract.   It is asserted on plaintiff's behalf that the judgment there rendered on motion and affidavits for a summary direction for judgment is conclusive as to all the issues which defendant would now raise in this action on the breach of contract through plaintiff's discharge.   We do not concur in this view of the law.

As to the validity of plaintiff's contract and its enforcement at the amount of compensation provided therein, while services

were rendered, the City Court judgment is conclusive. It was necessary to the determination reached then to find against both the first and second affirmative defenses alleged in this cause — the first defense asserting fraud and collusion in the making of the contract and the second defense asserting lack of approval of the board of directors and knowledge of plaintiff of the lack of authority of the president to make the contract.

The third defense alleging incompetence and inefficiency of plaintiff warranting discharge for cause was not litigated nor pleaded in the former action. It was not available nor relevant except in this action for " unlawful discharge," as retention of plaintiff in the employ of defendant required payment of his stipulated wage.

We think proof sufficient to warrant the jury in finding cause for plaintiff's discharge was produced by defendant in demonstration of the conduct of the business under plaintiff's charge as general merchandise manager. A lack of proper management might have been found in the conduct and results of the plaintiff's duties in that position, which would justify termination of his employment by the directors in the exercise of a proper business judgment in the interest of the defendant notwithstanding the contract's term had a period yet to run. We think it was error to hold as matter of law that no cause for discharge under this defense was shown. Our ruling under this defense and proof will, therefore, require a new trial since we conclude that the learned trial court was correct in its decision that the matters alleged under the fourth, fifth and sixth defenses were not sufficient to warrant the discharge of plaintiff as matter of law from employment under the contract.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., O'MALLEY and COHN, JJ., concur; GLENNON, J., dissents and votes to reverse and dismiss the complaint.

GLENNON, J. (dissenting). I dissent upon the ground that section 60 of the Stock Corporation Law applies, and, consequently, the defendant's motion for the direction of a verdict in its favor should have been granted.

The judgment should be reversed and the complaint dismissed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.