## In re PARAMOUNT PUBLIX CORPORATION.
### No. 298.

Circuit Court of Appeals, Second Circuit.
June 7, 1937.

442

Root, Clark, Buckner & Ballantine, of New York City (Cloyd Laporte, Samuel S. Isscks, and Rupert Warren, all of New York City, of counsel), for appellant.

Samuel Spring, of New York City (Joseph M. Proskauer, J. Alvin Van Bergh, and Eugene Eisenmann, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Under a written contract dated January 1, 1932, Sam Katz was employed by the debtor in an executive capacity for a term of three years. His duties were to be such as should be assigned to him from time to time by the board of directors or its executive committee and were to be of a dignity substantially equivalent to those he had performed under a prior contract; his compensation was to be a weekly cash salary of $2,500 and the option to purchase at stipulated prices a block of the debtor's stock at the end of each six months of service. Execution of the contract was authorized by the directors and ratified by the stockholders. The proof of claim filed by Katz alleged a wrongful discharge on October 28, 1932 (prior to the filing of the petition under section 77B, Bankr.Act, 11 U.S.C.A. § 207), and claimed damages in the amount of $265,498.18 with interest. The trustees of the debtor filed objections to the claim and brought on for hearing before a special master the objection based on section 60 of the New York Stock Corporation Law (Consol.Laws, c. 59). The special master upheld the objection and recommended that the claim be expunged, but the District Court sustained the claimant's exceptions to the special master's report and ruled that section 60 afforded no defense to the claim.

It is to be observed that the order of the District Court does not allow the claim; it is yet to be determined whether Katz was wrongfully discharged and, if so, in what amount he was damaged. The order is really like one overruling a demurrer to a claim. Hence it is not appealable as of right under section 25, as amended (11 U. S.C.A. § 48), but only by leave of this court under section 24b, as amended (11 U.S.C. A. § 47 (b). Such leave was obtained.

Section 60 of the New York Stock Corporation Law reads as follows:

"§ 60. *Officers.* The directors of a stock corporation may appoint or elect from their number a president, and may appoint or elect one or more vice-presidents, a secretary, a treasurer, and other officers, agents and employees, who shall respectively have such powers and perform such duties in the

management of the property and affairs of the corporation, subject to the control of the directors, as may be prescribed by them or in the by-laws. The directors may require any such officer, agent or employee to give security for the faithful performance of his duties, and may remove him at pleasure."

The first sentence clearly embraces such an officer as the appellee, who served as managing head of the debtor's theater department; and the sole question is whether the last sentence exempts the corporation from liability for discharging him without cause during the term of his contract of employment. The appellant contends that the District Court erred in answering that question in the negative.

 The consequences of accepting the opposite view are startling. It would mean that no New York stock corporation could make a binding contract of employment for a definite term; all officers, agents and employees would be dischargeable at will without liability on the part of the corporation, and it would follow that any of them could leave at will without incurring liability on their part, no matter how essential their services might be to the interests of the corporation. The announcement of such a doctrine would certainly cause surprise and consternation to the business world, for the statute has stood on the books since 1890 without any court decision to that effect and it is common knowledge that many contracts of term employment have been made by New York corporations on the assumption of their validity. The appellant suggests that the contract might bind the corporate agent for the stated term, although the corporation were left free to discharge him at will. But, if one of the parties may perform or not in its discretion, we do not see how the other can be bound. See Topken, Loring & Schwartz, Inc., v. Schwartz, 249 N.Y. 206, 211, 163 N.E. 735, 66 A.L.R. 1179. It is suggested also that the section should be construed to apply only to executives who exercise managerial powers. Such a limitation seems scarcely justified. The reasonable way to read the language is that the directors may appoint the specifically named officers and "other officers, agents and employees," and that each "shall have such powers and perform such duties in the management of the property and affairs of the corporation" as the directors may see fit to assign or the by-laws pre-

scribe. So we think the appellant's contention must really go to the extreme we have indicated. Unless forced to it by controlling New York decisions, we should hesitate to adopt a construction of the statute which would bring about results so contrary to the general business practice.

It must be conceded, however, that the appellant makes a strong argument for its contention. Section 24 of the National Banking Act (12 U.S.C.A. § 24, par. 5), which is verbally similar to section 60 of the New York Stock Corporation Law, has been uniformly construed as permitting the removal of bank officers without subjecting the corporation to liability, despite the existence of an employment contract for a definite term. Copeland v. Melrose Nat. Bank of New York, 229 App.Div. 311, 241 N.Y.S. 429, affirmed without opinion in 254 N.Y. 632, 173 N.E. 898; Westervelt v. Mohrenstecher, 76 F. 118, 34 L.R.A. 477 (C. C.A.8); Rankin v. Tygard, 198 F. 795 (C. C.A.8); Van Slyke v. Metropolitan Nat. Bank, 155 Minn. 319, 193 N.W. 470; First Nat. Bank of Colquitt v. Miller, 23 Ga.App. 441, 98 S.E. 402; First Nat. Bank of Brandon v. Briggs' Assignees, 69 Vt. 12, 37 A. 231, 37 L.R.A. 845, 60 Am.St.Rep. 922. Moreover, section 24 is derived from a provision in the original National Banking Act of 1863 (12 Stat. 668), which was taken verbatim from section 18 of the New York Banking Law of 1838 (Laws 1838, c. 260, § 18), and the federal statute in its original form was construed favorably to the present appellant's position in Taylor v. Hutton, 43 Barb.(N.Y.) 195, 197, 198, and Harrington v. First Nat. Bank, 1 Thomp. & C.(N.Y.) 361, 366. Section 18 of the Law of 1838 was carried forward into the Banking Law of 1882 (Laws 1882, c. 409, § 35) and was not repealed until 1892 (Laws 1892, c. 689, § 216), at which time the provisions of the New York Stock Corporation Law (including the predecessor of the present section 60) were applicable to state banks. In view of this legislative history and the judicial construction of the National Banking Act, the appellant makes a forceful presentation of its case. Furthermore, very similar statutes in West Virginia and Washington have been construed by the courts of those states to confer on directors the privilege of discharging officers having term employment contracts, without imposing on the corporation liability for breach of contract. Darrah v. Wheeling

Ice & Storage Co., 50 W.Va. 417, 40 S.E. 373; Long v. United Savings & Annuity Co., 76 W.Va. 31, 84 S.E. 1053; State ex rel. Blackwood v. Brast, 98 W.Va. 596, 127 S.E. 507; Wright v. Warren Bros. Co., 204 F. 231 (C.C.A.4); Llewellyn v. Aberdeen Brewing Co., 65 Wash. 319, 118 P. 30, Ann. Cas.1913B, 667; Murray v. MacDougal & Southwick Co., 88 Wash. 358, 153 P. 317; Barager v. Arcadia Orchards Co., 91 Wash. 294, 157 P. 675.

Despite this array of authority we do not think we are constrained to give to section 60 the same construction as section 24 of the National Banking Act has received. No New York court has so construed section 60 or its predecessor provision, section 27 of the Stock Corporation Law of 1890. On the contrary, such authority as there is has taken the opposite view. In Abbott v. Stern Bros., 248 App.Div. 161, 288 N.Y.S. 394, it was expressly ruled that section 60 afforded no defense to an action for breach of a term contract of employment. Abbott, the plaintiff, was employed as general merchandise manager of the defendant corporation for a term of two years. Before expiration of the term he was discharged and sued for damages for unlawful dismissal. Among the defenses interposed was section 60. The trial court directed a verdict for the plaintiff, which the appellate court reversed because there was enough evidence of the plaintiff's incompetence to require the jury to pass upon whether he was discharged without cause; but the opinion of the majority stated that the fifth and sixth defenses (which pleaded section 60) were insufficient, and one justice dissented for the very reason that section 60 barred recovery. Whether decision of the majority could and should have gone on the ground of res judicata, as the appellant contends, it certainly did not rest on that ground but expressly ruled on the exact point now presented to us. It is worthy of note that the Abbott Case was decided by the same Appellate Division that had previously construed section 24 of the National Banking Act to preclude recovery by a bank official discharged without cause during his term of employment. Copeland v. Melrose Nat. Bank of New York, 229 App. Div. 311, 241 N.Y.S. 429, affirmed 254 N. Y. 632, 173 N.E. 898. The case of Usher v. New York Central & H. R. R. Co., 76 App.Div. 422, 78 N.Y.S. 508, affirmed without opinion in 179 N.Y. 544, 71 N.E. 1141,

gives some reason for thinking that the Court of Appeals entertains the same view, for the dissent in the court below had relied on section 60. Numerous cases both in the highest court of New York and in intermediate courts have assumed without discussion of the statute the validity and enforceability of corporate term employment contracts. Peck v. Dexter Sulphite Pulp & Paper Co., 164 N.Y. 127, 129, 58 N. E. 6; Arentz v. Morse Dry Dock & Repair Co., 249 N.Y. 439, 164 N.E. 342, 62 A.L.R. 231; Heaman v. E. N. Rowell Co., 261 N.Y. 229, 231, 185 N.E. 83; Hollwedel v. Duffy Mott Co., Inc., 263 N.Y. 95, 188 N.E. 266, 90 A.L.R. 1312; Rafter v. Richard Fox Publishing Co., 206 App.Div. 389, 393, 201 N.Y.S. 401, affirmed 238 N.Y. 567, 144 N.E. 894; Vogel v. Pathe Exchange, Inc., 234 App.Div. 313, 254 N.Y.S. 881. While this group of cases cannot be treated as deciding the question, they are not without significance in showing that neither bench nor bar has entertained the view that the statute should be construed as the appellant now contends, although on numerous occasions such a construction would have been determinative of the litigation. We conclude, therefore, that the New York decisions do not compel us to adopt the appellant's construction of section 60 but support rather the construction adopted by Judge Coxe.

As a matter of independent construction we should reach the same result. The general power of corporations to make contracts is conferred by section 14 of the General Corporation Law (Consol.Laws, c. 23), derived from section 8 of the Act of 1890. Formerly section 11. (Renumbered section 14 by Laws 1929, c. 650, § 1). Paragraph 4 thereof specifies the power "To appoint such officers and agents as its business shall require, and to fix their compensation." Section 60 of the Stock Corporation Law we do not regard as a limitation upon corporate powers to make contracts of employment. It is one of the sections in article 6 entitled "Directors and Officers," and its purpose, we believe, was to declare that a corporation, through its directors, should have the same power to revoke an agency as an individual principal has. In the case of an individual the agency and the contract of hiring are distinct. When the statute was enacted, it was not certain that this was equally true of a corporate officer or agent, and particularly if he held an office

fixed and regulated by the corporate charter. See Morawetz, Private Corporations (1886 Ed.) §§ 541 (p. 515) and 544. Section 60 declared that the directors had this power of revocation. To so construe it gives it sufficient scope and meaning, and accords with the ideas of corporate policy now currently held. See section 32 (4), Uniform Business Corporation Act. There would seem to be no more reason to hold that section 60 was intended to relieve the corporation from the obligation to pay damages for breach of contract than to construe in that way a by-law empowering the directors to remove an officer at pleasure. Such a by-law came before the Court of Appeals in Cuppy v. Stollwerck Bros., 216 N.Y. 591, at page 597, 111 N.E. 249, 250, where the court said:

"The power to remove him from the office to which he had been elected did not carry with it the right to discharge him from the employment of the defendant in view of the special contract for a fixed term under which he was employed."

See, also, Reiss v. Usona Shirt Co., 174 App.Div. 181, 184, 159 N.Y.S. 1031; Fells v. Katz, 256 N.Y. 67, 72, 175 N.E. 516.

Nor can we see that a construction of the statute in a manner that permits the board of directors to bind the corporation by an employment contract for a fixed term "sterilizes" a succeeding board any more than does the admitted power to bind the corporation by a long-term lease or any other kind of contract extending over a term of years.

For the foregoing reasons we think the statute was correctly construed by the District Judge. Order affirmed.