(174 App. Div. 181)

## REISS v. USONA SHIRT CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1916.)

1. MASTER AND SERVANT ⊗⇒8(1)—DISCHARGE—INDEFINITE HIRING.

An agreement that one should receive for services as treasurer of a corporation $60 a week for a year ending on a certain date, and $50 a week for next year following, is an agreement of indefinite hiring.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8, 17; Dec. Dig. ⊗⇒8(1).]

2. MASTER AND SERVANT ⊗⇒6—DISCHARGE—INDEFINITE HIRING.

But that it was mutually understood that such agreement was for a definite term of two years may be established by other evidence by the plaintiff in an action for his wrongful discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. ⊗⇒6.]

3. APPEAL AND ERROR ⊗⇒242(4)—PRESENTATION IN COURT BELOW—OFFER OF EVIDENCE.

Where such evidence was not presented for ruling, but the court inquired of plaintiff whether he wished to offer it, and, being so advised, stated the court's understanding was that, if the court decided against plaintiff's offer, "plaintiff takes an exception," and then sustained the objection of defendant thereto, there being no objection by defendant to such course, and the offer having been made in good faith to facilitate the disposition of the case, the exception would be considered on appeal, although the proper procedure would have been requirement of the plaintiff to present his evidence for rulings thereon, subject to exception, for as a general rule exceptions to mere offers of evidence are not reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1421–1423; Dec. Dig. ⊗⇒242(4).]

4. PLEADING ⊗⇒237(1)—AMENDMENT—TO CONFORM TO PROOF.

Pleadings may be amended to conform to proofs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 603; Dec. Dig. ⊗⇒237(1).]

5. CORPORATIONS ⊗⇒156—POWERS—CONTRACTS OF EMPLOYMENT.

That corporation by-laws provide that the treasurer shall be elected each year, and may be removed at the pleasure of directors, does not render ultra vires the corporation's contract with one of its incorporators that he should be employed as treasurer for a definite term.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1806; Dec. Dig. ⊗⇒156.]

Appeal from Trial Term, Kings County.

Action by Sigmund Reiss against the Usona Shirt Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Louis B. Williams, of New York City, for appellant.

Melville H. Cane, of New York City (Sol Sholes, of New York City, on the brief), for respondent.

JENKS, P. J.  The plaintiff sued for damages in that, on March 3, 1913, the defendant broke a written contract whereby defendant "hired this plaintiff to work for it" for the term of three years, commencing the 19th day of July, 1911, and agreed to pay him therefor the sum of $60 each and every week for the first year of said agreement, and the sum of $50 each and every week for the remainder of the period.  The defendant joined issue by denials, separate defenses, and counterclaim.

At trial the plaintiff relied upon a certain provision in an agreement to which he and the defendant were of the parties, and of which respondent admits in its printed points notice had been given by a bill of particulars.  The more pertinent part of this agreement reads:

"That said Sigmund Reiss, as compensation for his services as treasurer of said company, shall receive sixty dollars ($60) a week for the first year following this agreement, namely, from July 31, 1911, to July 31, 1912, and fifty dollars ($50) a week for the next year following this agreement, namely from July 31, 1912, to July 31, 1913. That thereafter said Sylvan Levy and Sigmund Reiss shall each receive the salary of fifty dollars ($50) a week."

The case was tried upon this agreement without objection.  Certain writings were read in evidence, and certain admissions were made, but no oral proof was given.  The court dismissed the plaintiff at the close of his case under exception, and denied under exception his request to go to the jury upon the question whether there was a hiring for a definite period of two years.  At the time of dismissal it appeared that plaintiff, one of the original incorporators of the defendant and its vice president, had resigned that office and had been elected treasurer on July 19, 1911, and that, in accord with the provision of the by-laws, he had held over in such office beyond the prescribed period of one year, until March 3, 1913, when, despite his protest, he was elected vice president and removed from the office of treasurer, apparently pursuant to a provision of the by-laws, and that he had not received any money from the defendant during the time that intervened July 19, 1911, and March 3, 1913.

[1, 2] The learned counsel for the defendant contended upon the motions at trial, and now contends, that the agreement was one of indefinite hiring under the rule of Martin v. New York Life Ins. Co., 148 N. Y. 117, 42 N. E. 416, and of Watson v. Gugino, 204 N. Y. 540, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215.  With this contention I agree.  But I think that the plaintiff should have been permitted, if he could do so, to offer evidence to establish a mutual understanding of the parties to the agreement that it was for a definite term of two years.  The rule of Martin's and Watson's Cases, supra, was adopted from that stated by Mr. Wood in his Master and Servant (2d Ed.) § 136.  In the course of his statement that author says:

"It is competent for either party to show what the mutual understanding of the parties was in reference to the matters; but, unless their understanding was mutual that the service was to extend for a certain fixed and definite period, it is an indefinite hiring and is determinable at the will of either party."

See, too, Cuppy v. Stollwerck Brothers, 216 N. Y. 591–594, 111 N. E. 249; Gillet v. Bank of America, 160 N. Y. at page 555, 55 N. E. 292; Maloney v. Iroquois Brewing Co., 173 N. Y. at page 310, 66 N. E. 19.

[3] It is true that the plaintiff did not present the evidence for a ruling thereon, but at the outset the court inquired whether he wished "to make an offer of proof of the circumstances which led up to the signing of this agreement," and, when the plaintiff stated that such was his desire, the court and counsel entered into a long discussion upon the admissibility of such proof, which discussion was terminated by the statement of the court:

"I take it now that counsel for the plaintiff has rested, with the exception of a decision on his offer of proof, and now he offers to make certain proof. If I decide in his favor, we will go on. If I decide against counsel for the plaintiff, he takes an exception, and then rests."

And thereafter the court—

"sustained the objection of the defendant to permitting the plaintiff to offer oral testimony to explain the conditions surrounding the entering into or signing of this contract."

I cannot find the record of such objection. The proper procedure would have been requirement of the plaintiff to present his evidence for rulings thereupon, subject to exception, for as a general rule exceptions to mere offers of evidence are not reviewed. But, as it appears that the offer was invited by the court and then considered by it, that the offer was made in good faith to facilitate the disposition of the case, and that there was no objection by the opposite party to this course, I think that we may consider the exception, under the authority of Gerard v. Cowperthwait, 2 Misc. Rep. 371–373, 21 N. Y. Supp. 1092, affirmed 143 N. Y. 637, 37 N. E. 827.

[4] If the plaintiff could have adduced the proof, then he could have applied for an amendment of his pleading to conform to it, in that he sought to recover for breach of a written agreement for a term of two years, which overlapped the date of his dismissal. The discussion in the record indicates that such was the intention of the plaintiff.

[5] The fact that the by-laws of the defendant, as known to the plaintiff, provided that the treasurer should be elected each year, and that he could be removed with or without cause by the directors, did not necessarily render such an agreement as was asserted by the plaintiff ultra vires the corporation. Douglass v. M. Ins. Co., 118 N. Y. 484, 23 N. E. 806, 7 L. R. A. 822, citing Martino v. C. Ins. Co., 47 N. Y. Super. Ct. 521; Cuppy v. Stollwerck Brothers, supra.

I advise that the judgment be reversed, and that a new trial be granted, costs to abide the event, upon the ground that the court should have permitted the plaintiff to offer proof as to the mutual understanding of the parties that the agreement was for a definite term. All concur.