FREDERICK COHEN, PLAINTIFF-APPELLANT, v. CAMDEN REFRIGERATING AND TERMINALS CO., DEFENDANT-RESPONDENT.

Argued October 21, 1942—Decided January 22, 1943.

For the plaintiff-appellant, *Samuel P. Orlando.*

For the defendant-respondent, *Norcross & Farr* (*Thomas M. Farr,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff has appealed from a judgment in favor of the defendant directed by the trial court. The plaintiff's amended reply to the first separate defense was struck out; the first separate defense was considered by the learned trial judge a complete defense as a matter of law to the cause of action outlined in the complaint, and the defendant therefore had judgment on the pleadings.

The case involves a suit for salary. Plaintiff, Frederick Cohen, on March 20th, 1939, was employed by the defendant corporation for one year as general manager of its plant located in Camden at a salary of $10,000. On March 20th, 1940, the plaintiff avers, his contract of employment was

renewed for a year at the same salary. The contract was not in writing. On November 27th, 1940, before the expiration of the year for which he was hired, plaintiff was discharged by the defendant without cause and sought damages for breach of the contract.

Defendant in its answer admitted that on March 20th, 1939, the plaintiff was elected vice-president of the company to serve for one year; admitted hiring the plaintiff as general manager of the company at the salary stated; admitted that on March 20th, 1940, plaintiff was re-elected to the office of vice-president but denies that he was continued as general manager for the ensuing year; and admits the plaintiff's dismissal "as vice-president or acting general manager" by resolution of the defendant's board of directors.

In the first separate defense it is averred that the dismissal was authorized by the company's by-laws and article XVI thereof is set out which provides as follows: "The Board of Directors may remove any officer, agent or employee at any time and within the period for which such person was elected and employed and all persons shall be elected and employed subject to the provisions hereof." It is further said that the plaintiff's tenure was subject to the provisions of the corporation's said by-law and "no contract of employment was made by it with the plaintiff except subject to such provision * * *;" and that the by-law in question was assented to by the plaintiff. A second separate defense was pleaded which does not concern us now.

The plaintiff replied, denying knowledge of the provisions of the by-laws or assent to the passage or adoption thereof; further, that prior to his employment as general manager, or since, the by-laws were never brought to his attention; that he first learned of this particular by-law when his attention was called to it by his counsel when the defendant's answer was filed; that the minute book (containing the by-laws) was neither in his possession nor accessible to him and that he had no opportunity to read or learn the contents of the by-laws. Then followed a motion to strike out the reply as insufficient in law on the ground that the plaintiff is pre-

sumed to have knowledge of the by-law provisions and that the quoted section is a complete bar to his right of action.

The affidavit of the defendant corporation's assistant secretary, supporting the motion to strike the reply, says that the plaintiff, Mr. Cohen, was present at the meeting of the company on March 20th, 1939, and voted for the adoption of the by-law relied upon to justify the action of the board of directors in this matter. Mr. Cohen's answering affidavit says he has no recollection of the matter; that so many by-laws were presented that it is impossible for him to remember all that was done. But he does not say that he wasn't present at the meeting or that he did not vote for the adoption of the by-law as it has been alleged he did.

The learned trial judge considered that the legal question thus raised was controlled by the case of *Walker* v. *Maas*, 4 *N. J. Mis. R.* 230, and *Walker* v. *Maas & Waldstein Co.*, 104 *N. J. L.* 341. The reply was struck out and final judgment entered for the defendant.

We deem it appropriate to say at this time that the state of case submitted by the appellant is materially incomplete. Judge Palmer's opinion disposing of the motion is omitted as was a demand for a bill of particulars and the bill of particulars itself; also the affidavits, one for the defendant supporting the motion to strike, and the answering affidavit of the plaintiff in justification of the reply. These several essential parts of the state of case have been printed as an appendix to the respondent's brief. This, of course, is no place for them. They are part of the state of case. This practice is not to be indulged. This diminution of record should have prompted an appropriate motion to compel the printing of a complete state of case. We shall consider that the contents of the appendix to respondent's brief are an integral part of the case and are accurate. The appellant makes no claim to the contrary.

The appellant contends that the trial court erred in striking out the reply which resulted in the final judgment. The question at issue is stated in the appellant's brief as follows: "The legal question presented is whether or not a corpora-

tion which enters into a contract of employment with an agent for a definite period is liable for damages for the discharge or removal of that agent without cause where there is a by-law of the said corporation permitting the removal of its agent." To this general question should be added the important element introduced into the issue here by the respondent and not denied by the appellant, i. e., "when the agent, officer or employee had or was chargeable with knowledge of the existence of the by-law and had as director voted for its adoption." The appellant contends that in these circumstances the contract of employment is breached and that the employer is answerable in damages therefor. It is said that this proposition is sustained by the text in 19 *C. J. S.* 73, § 738, which citation is supported by a federal case—*In re Paramount Publix Corp.,* 90 *Fed. Rep.* (2d) 441. However, it is the law of the state where a contract of employment is made that determines the issue between the parties. The appellant further argues that a corporation may not enter into a contract of employment for a definite period of time and then avoid it in reliance on a by-law which gives the company *power* to remove such employee, arguing that even though the by-law confers "power of discharge" the corporation is nonetheless liable for its breach of a contract, citing *Cuppy* v. *Stollwerck,* a decision of the New York Court of Appeals, 111 *N. E. Rep.* 249. The cited authority is no help to the appellant. The plaintiff in that case had a contract of employment with the defendant for one year, as the court found, and in pursuance of his contract was elected a director of the defendant corporation. The fact that a by-law empowered the board to "remove a director or officer" did not supersede the plaintiff's contract and make it terminable at will. Nor did it contain any authority to terminate an existing contract made for a definite term; in fact it is silent on the matter of such contracts of employment. By contrast the by-law in the Stollwerck case (set forth at *p.* 251) is not nearly so comprehensive and sweeping as is the one in the instant case which is quoted above.

On the general question of the power to remove an officer

or general manager with or without notice, there is considerable contrariety of view. Compare *Realty Acceptance Corp.* v. *Montgomery,* 51 *Fed. Rep.* (2d) 636, citing *Mortono* v. *Commerce Fire Insurance Co.,* 47 *N. Y. Supr. Ct.* 520; *Reiss* v. *Usono Shirt Co.,* 174 *App. Div.* 181; *Cuppy* v. *Stollwerck Bros., supra;* 2 *Fletcher Cyclopedia Corp.,* § 355; 50 *Harvard Law Review* 578; *Nelson* v. *Nelson's Sons, Ltd.* (1913), 2 *K. B.* 471; *Walker* v. *Maas & Waldstein Co., supra;* 19 *C. J. S., Corporations,* §§ 732, 738; *Walker* v. *Maas, supra.* And there is bound to be reason for distinction in accordance with the facts and circumstances of each case.

But to return to the facts of this case, we find from the bill of particulars that the plaintiff considered that he had a verbal one year contract of employment with the defendant; that he was elected vice-president and director and appointed general manager in March, 1939. The following year he was similarly elected although the plaintiff's bill of particulars says: "The minutes are silent about being appointed general manager although thereafter and until he was dismissed the same compensation was given him and the same duties required of him."

Our Corporation Act, among other things, provides: (*N. J. S. A.* 14:7-6)—"Every corporation organized under this title shall have a president, secretary and treasurer who shall be chosen by the directors or stockholders, as the by-laws may direct, and who shall hold office until others are chosen and qualified in their stead. *It may have other officers, agents and factors who shall be chosen in such manner and for such terms as the by-laws may direct.*" We have italicized the words of the statute that we consider important to this issue. By virtue of this language the corporation was authorized to regulate its affairs as it considered its business welfare required.

Assuming then that the plaintiff had a definite term contract for the second year (although this is denied by the defendant and the minutes are concededly silent on the matter) nevertheless he must be held to have entered upon

the contract (particularly for its second year) with express knowledge of the provisions of the by-laws which made his tenure subject to cancellation at any time the board of directors so desired. His contract for 1940 did not supersede the by-law of the company which the plaintiff in 1939 voted to adopt. A director of a corporation cannot be heard in repudiation of his own affirmative act in corporate matters, in the absence of mistake, fraud or deceit.

In the case of *State, ex rel. Walker* v. *Maas, supra,* on rule to show cause for *quo warranto,* the contest was over the office of president. The by-law provided that all officers might be removed by majority of the board of·directors. Walker was so removed as president and Maas elected to replace him. Our Supreme Court held that that by-law contemplated removal without cause and therefore removal without notice; that the relator had knowledge of the by-law provision when he took office and denied *quo warranto.* Subsequently the relator sued for salary. *Walker* v. *Maas & Waldstein, supra.* This court unanimously held that he was not entitled thereto, basing its reasoning on the fact that the removal of Mr. Walker from the office of president was lawful. In the argument the appellant relies on the case of *Dennis* v. *Thermoid Co.,* 128 *N. J. L.* 303, but this case is not helpful to him. It is no authority whatever for the legal theory which the appellant seeks to maintain. It was a suit for salary and the only question was whether the plaintiff had a contract for the term of one year. This court held that he had such contract and affirmed a judgment for damages for its breach. The question of power to dismiss at will because of a by-law provision was not raised in any of the pleadings, nor was the question argued as such in either brief.

We hold that the employment of the appellant, on the facts and circumstances in this case, was subject to the by-law relied on by the respondent; that the appellant was chargeable with knowledge of its meaning and effect and that he may not repudiate it for his own benefit.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Heher, Perskie, Porter, Colie, Dear, Wells, Rafferty, Hague, Thompson, JJ. 14.

*For reversal*—None.